ALLEN G. HICKS and CLAUDETTE HICKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hicks v. Commissioner
Docket No. 1795-77.
United States Tax Court
T.C. Memo 1979-98; 1979 Tax Ct. Memo LEXIS 426; 38 T.C.M. (CCH) 457; T.C.M. (RIA) 79098; March 20, 1979, Filed Allen G. Hicks, pro se. David W. Johnson, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioners' 1974 income tax and additions *427 to tax as follows: Petitioner
Deficiency
Additions to Tax
Allen G. Hicks
$5,404.37
Sec. 6653(b) [1] $2,702.19
Claudette Hicks
4,361.57
Sec. 6651(a) 406.02
Sec. 6653(a) 218.09
Petitioners' liability for payment of both the deficiencies and additions to tax determined by respondent is at issue. If we decide that petitioner Allen G. Hicks is not liable for the addition to tax for fraud under section 6653(b), we must then decide whether he is liable for additions to tax of $644.84 under section 6651(a) and $270.22 under section 6653(a). FINDINGS OF FACT Some of the facts, along with all the exhibits, were deemed stipulated pursuant to Rule 91(f), Tax Court Rules of Practice and Procedure, by our orders dated February 17, 1978, and February 27, 1978, upon petitioners' failure to show case why respondent's motion that certain facts and evidence be accepted as established should not be granted. Petitioners Allen G. Hicks (Allen) and Claudette Hicks (Claudette), husband and wife, resided in Teague, Texas, at the time the *428 petition herein was filed and during the taxable year at issue. During 1974, Allen was a veterinarian operating a sole proprietorship under the name Freestone County Veterinary Hospital. Allen and Claudette each received taxable income of $16,075.18 in 1974, after all deductions and exemptions, consisting of the following items and amounts: Gross receipts - Veterinary practice
$71,889.05
Less: Operating Expenses
Depreciation $ 545.00
Taxes
374.12
Rent
1,477.97
Repairs
1,069.29
Salary & Wages
6,061.23
Legal & Professional Fees
644.00
Utilities
1,427.23
Miscellaneous
767.32
Supplies & Drugs
20,017.57
Laboratory Fees
534.51
Total Operating Expenses
32,918.24
Net Profit from Veterinary Practice
$38,970.81
Interest Income (Credit Union)
259.80
$39,230.61
Less: Capital Loss $ 937.25
Partnership Loss
1,062.19
Farm Loss
1,580.80
3,580.24
$35,650.37
Less: 1/2 Share of Spouse based on
community property laws
of State of Texas
17,825.18
Adjusted Gross Income
$17,825.19
Less: Standard Deduction
$ 1,000.00
Exemption
750.00
1,750.00
Taxable Income
[1] $16,075.18
*429 A joint individual income tax return for 1974 was prepared for petitioners from their books and records by William C. Glazener (Glazener), a return preparer. This return was presented to Allen prior to April 15, 1975, but petitioners did not file it with the Internal Revenue Service. A copy of Form 1040 (Individual Income Tax Return) for 1974 was filed by Allen with the Internal Revenue Service, Austin, Texas, on June 11, 1975. An amended Form 1040 for 1974 was filed by Allen on July 13, 1977. Neither form contained any information other than Allen's name, address, social security number, filing status, and claimed exemptions. On the first form, "Objection: Self incrimination" was written in all the spaces provided for information on income, deductions, credits, etc., while on the amended form a variety of constitutional and statutory grounds were asserted as a justification for the omission of the requested information. Numerous articles, court cases, and other documents intended to support Allen's objections to the tax system were appended to his original Form 1040 for 1974. Also attached was a letter warning the Internal Revenue Service against sending any agents to see *430 Allen. Claudette did not file an income tax return for 1974. [2]
In 1972 and 1973, Allen and Claudette had filed joint individual income tax returns prepared for them from their books and records by Glazener. For the years 1975 and 1976, Allen filed Forms 1040 similar to those which he filed for 1974. Claudette did not file returns for 1975 and 1976. Petitioners failed to file their estimated tax payments for 1975 and 1976. Beginning in 1975, Allen ceased filing employment tax returns for his sole proprietorship and ceased paying his employment tax liabilities. Shortly after Allen's original Form 1040 for 1974 was received by the Internal Revenue Service Center, the petitioners received notification that the form filed by Allen was not a valid return. The petitioners continued to refuse to file a return as requested. In late 1975, Glazener was interviewed by Internal Revenue Service agents and, under *431 summons, turned over for examination his records relating to petitioners, including a copy of the return he had prepared for 1974. Shortly thereafter, Allen took possession of all records relating to his tax liability still in Glazener's possession. On February 17, 1976, Allen filed suit against the Internal Revenue Service in the United States District Court for the Western District of Texas seeking a declaratory judgment that the income tax is unconstitutional and an injunction against the investigation and audit of petitioners' income tax liability for 1974. This suit was dismissed for want of jurisdiction over the subject matter on July 23, 1976. During 1974, Allen maintained a checking account with the First National Bank of Teague, Texas, and made frequent deposits and withdrawals. Around January 15, 1975, the account became basically dormant. Only small and infrequent deposits and withdrawals were made thereafter until the account was closed on March 10, 1977. Sometime between December 25, 1975, and January 1, 1976, agents of the Internal Revenue Service, upon inquiry, learned from the president of the Donie State Bank of Donie, Texas, that petitioners had a checking *432 account with that bank. The president of the bank was told that the agents would return to the bank with an administrative summons and he notified Allen. Within 24 hours, Allen closed the account. Since March 1976, petitioners have been purchasing large volumes of cashier's checks. Between March and December 1976, such purchases totaled $25,000. The income tax liability of Allen G. Hicks for 1974 is $5,404.37. The income tax liability of Claudette Hicks for 1974 is $4,361.57. OPINION Petitioners are tax protestors. Prior to trial, in a document which this Court treated as a motion to dismiss for lack of jurisdiction over the subject matter, petitioners argued that the income tax is unconstitutional, that the Fifth Amendment excused petitioners from reporting their income, and that, under H.J. Res. 192, 73d Cong., 1st Sess. (June 5, 1933), dealing with the gold standard, none of their receipts in 1974 constituted taxable income. We denied petitioners' motion, [3] concluding, in accordance with a long line of decisions in this Court and others, that their arguments were devoid of merit. See e.g., Brushaber v. Union Pacific R. Co.,240 U.S. 1 (1916); *433 Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Roberts v. Commissioner,62 T.C. 834 (1974); Penn Mutual Indemnity Co. v. Commissioner,32 T.C. 653 (1959), affd. 277 F.2d 16 (3d Cir. 1960). On brief, petitioners have conceded the constitutionality of the income tax, but continue to claim that the income tax is not applicable to them. The gist of petitioners' argument is that they received no taxable income because they were cash basis taxpayers who were compelled by the exigencies of business to accept checks rather than cash. This argument is analogous to the objections to the income tax previously asserted by petitioners and is equally without merit. [4]United States v. Wangrud,533 F.2d 495 (9th Cir. 1976). [5]The term "income" as used in the Internal Revenue Code is not restricted to any particular form of receipts. Section 61(a). United States v. Wangrud,supra; *434 Barnsley v. Commissioner,31 T.C. 1260, 1262 (1959). See also, United States v. Kelley,539 F.2d 1199 (9th Cir. 1976); United States v. Daly,481 F.2d 28 (8th Cir. 1973); Gajewski v. Commissioner,67 T.C. 181 (1976); Cupp v. Commissioner,supra.
As cash basis taxpayers, petitioners were required to report as income the cash equivalent of property, including checks, received in lieu of cash. Barnsley v. Commissioner,supra. Since petitioners do not allege that the checks they received were not readily convertible into cash or were wroth less than their face value, the face amount *435 of any checks received by petitioners was includable in their income. Kingsbury v. Commissioner,65 T.C. 1068, 1091 (1976); Barnsley v. Commissioner,supra;Estate of Scharf,38 T.C. 15, 32 (1962), affd. 316 F.2d 625 (7th Cir. 1963). At trial, as well as prior thereto, petitioners were put on notice that they bore the burden of proving that the deficiencies as determined by respondent were erroneous, ( Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure), and were urged to submit evidence on the substantive tax law issues involved in respondent's determinations. Nevertheless, petitioners presented no evidence at trial. [6] We, therefore, hold that petitioners are liable for the full amount of the deficiencies determined by respondent on the basis of information obtained from petitioners' books and records. *436 Respondent contends that Allen is liable for the 50 percent addition to tax for underpayment due to fraud imposed by section 6653(b).In the alternative, respondent argues that Allen is liable for the addition to tax imposed by section 6651(a) for failure to file a return and the addition to tax imposed by section 6653(a) for negligence or intentional disregard of the rules and regulations. Respondent also asserts that Claudette is liable for additions to tax under section 6651(a) and section 6653(a). We turn first to the issue of Allen's liability for the addition to tax for fraud. The general principles with respect to deciding whether such liability exists are clear. Respondent has the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Carter v. Campbell,264 F.2d 930, 936 (5th Cir. 1959); Green v. Commissioner,66 T.C. 538, 549 (1976). Fraud will not be imputed or presumed and the mere suspicion of fraud is not sufficient. Carter v. Campbell,supra at 935; *437 Green v. Commissioner,supra at 550. At the same time, we recognize that, since fraud can seldom be established by direct proof, a finding that fraud exists may be based upon circumstantial evidence and reasonable inferences drawn from the record. Marsellus v. Commissioner,544 F.2d 883 (5th Cir. 1977), affg. T.C. Memo. 1975-368; Gajewski v. Commissioner,supra at 200. To carry his burden of proof, respondent must show that Allen acted with specific intent to evade a tax which he believed to be owing. Tomlinson v. Lefkowitz,334 F.2d 262, 265 (5th Cir. 1964); Marcus v Commissioner,70 T.C. 562, 577 (1978); Green v. Commissioner,supra at 549. [7] After careful consideration, we are forced to conclude that respondent has failed to carry his burden in accordance with the foregoing standards. *438 Initially, respondent contends that fraud has been established through allegations deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure, because respondent, in his answer, affirmatively alleged that Allen's failure to pay tax was due to fraud with intent to evade tax, and petitioners filed a reply pro se which did not expressly deny those allegations with the result that the fraud allegations should be deemed admitted. [8] However, as we read petitioners' response to respondent's answer and particularly paragraph 7 thereof, the fraud allegations were in effect denied. Moreover, subsequent to the filing of petitioners' response, this Court upon respondent's motion ruled on what matters were to be considered admitted for the purposes of this case, in our orders dated February 17, 1978, and February 27, 1978, deeming stipulated certain facts. The second ruling came at the opening of the trial where it was revealed that Allen was under criminal tax investigation. Under these circumstances, the Court, in the exercise of its discretion under Rule 91(f)(4), Tax Court Rules of Practice and Procedure, determined that in the interests of justice some matters ought *439 not to be deemed stipulated, among which were the allegations as to fraud.Accordingly, we will not consider any matter to have been admitted which was not deemed admitted by our above-mentioned orders. [9]
*440 Nor do we agree with respondent's contention that Allen's fraud is established by the facts deemed stipulated in conjunction with those brought out at trial. See Tomlinson v. Lefkowitz,supra;Marcus v. Commissioner,supra;Green v. Commissioner,supra at 549. Petitioners maintained books and records for the year 1974.Respondent has not asserted that these records were incomplete or inaccurate. Indeed, he accepted them as a basis for his determination of deficiency. Compare Gajewski v. Commissioner,supra.See also, Spies v. United States,317 U.S. 492 (1943). In late 1975, Allen removed those books and records from the possession of Glazener, the return preparer to whom he had supplied them, but at the time he did so he was aware that the Internal Revenue Service had already obtained copies. [10]
*441 In years subsequent to 1974, petitioners ceased using certain bank accounts and began purcasing a substantial number of cashier's checks. [11] In one instance, Allen closed a bank account in reaction to information that the Internal Revenue Service was preparing to examine the account. While these actions may be suggestive of an intent to conceal income and evade tax in those subsequent years, cf. Marsellus v. Commissioner,supra at 884-885, those years are not before us. Respondent has failed to demonstrate how such actions could serve to conceal petitioner's 1974 income of which respondent was made fully aware. Respondent argues that statements made by Allen to Glazener to the effect that he was no longer going to pay Federal taxes constitute admissions of intent to evade tax. But Allen also told Glazener that his refusal was based on a belief that the tax system was unconstitutional. See also footnote 10, supra . *442 Acker v. Commissioner,26 T.C. 107 (1956), and Powell v. Granquist,252 F.2d 56 (9th Cir. 1958), on which respondent relies are distinguishable because other evidence in those cases indicated that the petitioners therein, who admitted their intention not to pay tax, knew from the outset that their taxes were legally owing. We also do not consider Allen's resort to legal process to protect what he may have, however erroneously, believed to be his legal rights, i.e., his seeking an injunction in Federal District Court to prevent an Internal Revenue Service audit of his 1974 tax liability, to be an act of concealment giving rise to an inference of fraud. Nor is this a case where there is a failure to file a return in order to conceal a pattern of previous underpayments. Compare Gajewski v. Commissioner,supra at 200; Marsellus v. Commissioner,supra at 885-886. Respondent does not allege that Allen failed to pay his income tax prior to 1974 and we do not agree with respondent that Allen's later failure to pay his taxes, in years not before this Court, proves that his initial intent was fraudulent. Finally, *443 there is no indication in the record herein that Allen formulated his constitutional arguments as an afterthought or that he was aware of the numerous cases holding that such arguments are frivolous. [12] Compare Gajewski v. Commissioner,supra at 195, n. 20. In sum, our analysis of the skimpy record herein leaves us full of doubts and suspicions about Allen's intentions but we are not persuaded that respondent has satisfied his burden of proof by clear and convincing evidence of a pattern of conduct by Allen sufficient to justify a finding of fraud on his part for 1974. We express no opinion as to what, if any, conclusion might appropriately be reached in this regard for subsequent years, since they are not before us. We again emphasize that we reach our decision as to the absence of fraud on the basis of the limited record before us and with the warning that, *444 as has occurred in other cases, we will not hesitate to impose the addition to tax for fraud on a tax protestor where we are conviced that a taxpayer's allegedly sincere belief that he is not subject to the income tax is belied by the record before us. Gajewski v. Commissioner,supra.[13] Cf. United States v. Johnson,     F.2d     (10th Cir. 1978); United States v. Rifen,577 F.2d 1111 (8th Cir. 1978); United States v. Afflerbach,547 F.2d 522 (10th Cir. 1976); and United States v. Daly,481 F.2d 28 (8th Cir. 1973). As to the additions to tax under section 6653(a) asserted against Claudette and, in the alternative, against Allen, petitioners have the burden of proof that no part of the underpayment was due to negligence or intentional disregard of the rules and regulations. *445 See Bixby v. Commissioner,58 T.C. 757, 791-792 (1972), and cases cited therein. They have not met that burden. Whether or not petitioners believed the rules and regulations for payment of income tax to be valid, they were aware of those rules and regulations, as shown by their previous filing of returns and the preparation for them of a 1974 return which they did not file.They intentionally disregarded the rules and regulations. Furthermore, in light of the large number of judicial decisions declaring arguments similar to those raised by petitiners to be frivolous, we consider it grossly negligent of petitioners (even though they may not have been aware of those decisions) to have failed to pay their income taxes in reliance on such arguments. We, therefore, sustain respondent's determination of the additions under section 6653(a) against both petitioners. We also sustain the additions to tax for failure to file returns asserted by respondent against Allen and Claudette. Claudette did not file a return for 1974.Allen filed a Form 1040 containing no information from which his income could be computed. It is well-established that *446 such a filing does not constitute a valid return. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); United States v. Johnson,577 F.2d 1304 (5th Cir. 1978); United States v. Porth,426 F.2d 519 (10th Cir. 1970); Hatfield v. Commissioner,68 T.C. 895, 898 (1977). Petitioners made no showing that their failure to file a return was due to reasonable cause and they are, therefore, liable for the additions to tax under section 6651(a) as determined by respondent. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect in the taxable year in issue.↩
1. This figure reflects the total as deemed stipulated; the correct total would be $16,075.19.↩
2. On Allen Hick's amended Form 1040 for 1974, he checked the box marked "Married filing joint return" but Claudette Hicks did not sign this form nor did she sign the original form on which Allen had indicated that his filing status was "Married filing separately."↩
3. Order and Memorandum Sur Order dated January 9, 1978.↩
4. We also note that petitioners' argument on brief is contradicted by Allen's affidavit attached to the motion to dismiss for lack of jurisdiction, in which he stated he received cash as well as checks in 1974. ↩
5. See also, Anderson v. Commissioner,T.C. Memo. 1978-387; Silman v. Commissioner,T.C. Memo. 1978-266↩, appeal dismissed per curiam (Oct. 27, 1978).
6. Indeed, by virtue of the order to show cause procedure relating to stipulations of facts (see pp. 2-3, supra),↩ petitioners were deemed to have admitted that they were liable for the amounts of the underlying deficiencies determined by respondent. We have, nevertheless, felt it appropriate to discuss their overall attack on the general applicability of the income tax law to them.
7. See also United States v. Pomponio,429 U.S. 10↩ (1976), where the Supreme Court held that "willfulness" as used in section 7206 (a criminal fraud provision) does not require a finding of an evil motive, but does require proof of a voluntary intentional violation of a known legal duty.
8. Rule 37(c), Tax Court Rules of Practice and Procedure states: Effect of Reply or Failure Thereof: Where a reply is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply, shall be deemed to be admitted. Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion for an order that specified allegations in the answer be deemed admitted. That motion will be noticed for a hearing, at which the motion may be granted unless on or before the date thereof the required reply has been filed. ↩
9. None of the cases cited by respondent involved the same sequence of procedural events as this case. See Gilday v. Commissioner,62 T.C. 260, 262 (1974); Lane v. Commissioner,T.C. Memo. 1977-218; Samkoff v. Commissioner,T.C. Memo. 1957-123↩.
10. When Glazener, who was the sole witness at the trial, was asked what Allen had said concerning his turning over the records to respondent, Glazener gave the following answer, which, to say the least, is equivocal: "Well I think he first said I should not have done it, but I told him that under subpoena I did give him [the Internal Revenue Agent] the records, and he said, well, that's the only thing I could do."↩
11. The only evidence of any activity along these lines prior to 1976 is the deemed stipulated fact that one checking account became "basically dormant around January 15, 1975." The account was not closed until March 10, 1977.↩
12. The District Court for the Western District of Texas, in which Allen sought a declaratory judgment that the income tax laws are unconstitutional and an injunction against collection of the income tax, dismissed the suit on jurisdictional grounds and did not reach Allen's substantive arguments.↩
13. See also, Anderson v. Commissioner,T.C. Memo. 1978-444↩, where the fraud penalty was imposed upon a tax protestor who, during the taxable years at issue, carried on a scheme designed to conceal his income.