The UNITED STATES of America, Plaintiff-Appellee,

v.

Alfonzo L. DOWELL and Vivian T. Dowell, Defendants-Appellants.

Nos. 618–70, 619–70.

United States Court of Appeals, Tenth Circuit.

Aug. 2, 1971.

William R. Burkett, U. S. Atty., for plaintiff-appellee.

John W. Walker, and Philip E. Kaplan, of Walker, Kaplan, Lavey & Mays, Little Rock, Ark. (Norman C. Amaker, New York City, of counsel, on the brief), for defendants-appellants.

Before HILL, SETH and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Defendants-Appellants, Alfonzo Dowell and Vivian Dowell, husband and wife, were convicted by a jury in the United States District Court for the Western District of Oklahoma of attempting to evade or defeat federal income taxes pursuant to 26 U.S.C. § 7201.[1]

1. It is here contended by the appellants that the judgment should be reversed and the cause remanded because the trial court erred in denying their motions for judgment of acquittal because of the failure of proof in support of the essential element of willfulness.

2. There existed racial discrimination in the selection of the jury. The defendants are black, but were tried by an all white jury. It is said that while this matter was not raised at trial, it was not effectively waived.

According to the evidence, Dr. Alfonzo L. Dowell is an optometrist, and his wife, Dr. Vivian T. Dowell, is a dentist. They both practice their professions in a clinic in Oklahoma City which was built by them in 1956 and financed through a federal savings and loan association. They have three children, all of whom were in school at the time of trial, and the family lives in a home completed in 1959 and purchased for a total contract price of between $42,000 and $44,000 ($32,000 of which was financed).

During the years covered by the indictment, 1963–1966, appellants' tax returns were prepared by an accountant, one W. T. Avery, from information furnished by appellants. The information furnished to Mr. Avery consisted of their receipt books to show professional income, a summary schedule of rental receipts to show rental income, their check stubs from two or three bank accounts[2] and selected cancelled checks to show their expenses. On the basis of this information alone, it appears that the tax returns in question were correctly prepared by Mr. Avery.

---

1. 26 U.S.C. § 7201 provides:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

2. Appellants maintained three bank accounts. Dr. Alfonzo Dowell's account, used by him to pay his business and personal expenses, Dr. Vivian T. Dowell's account, used by her to pay her business and personal expenses, and the Dowell Building Fund account, used to pay expenses chargeable to both appellants. Deposits to these accounts were not made from particular sources.

For the years covered by the indictment, appellants' tax returns reported income as follows:

| YEAR | GROSS INCOME | TAXABLE INCOME | INCOME TAX |
|---|---|---|---|
| 1963 | $ 39,682 | $289.99 | $58.00 |
| 1964 | 38,888 | –0– | –0– |
| 1965 | 37,509 | –0– | –0– |
| 1966 | 43,807 | 21.28 | 2.98 |
| Totals | $159,786 | $311.27 | $60.98 |

After the Government began its investigation of appellants' taxes in 1968, appellants filed amended tax returns for the years in question reporting income as follows:

| YEAR | GROSS INCOME | TAXABLE INCOME | INCOME TAX |
|---|---|---|---|
| 1963 | $ 50,165.00 | $10,080.00 | $ 2,579.00 |
| 1964 | 56,133.00 | 15,055.00 | 3,703.76 |
| 1965 | 49,169.00 | 9,331.00 | 2,111.00 |
| 1966 | 52,428.00 | 8,794.58 | 2,027.38 |
| | $207,895.00 | $43,260.58 | $10,421.14 |

Thus, it is beyond question that appellants understated their income by at least $48,000 during the four years. The inquiry then is whether they did so willfully and whether the Government's evidence was sufficient for the jury to so conclude and for the trial court to have denied appellants' motions for judgments of acquittal.

■■■ The attempt to evade or defeat the tax must be a willful attempt. The Government must prove beyond a reasonable doubt that there was an attempt made voluntarily and intentionally, and with the specific intent to keep from the Government a tax imposed by the tax laws. The accused must be shown by the evidence to have been under a duty to pay the Government and must be shown to have known that it was his legal duty to pay. Thus, the evidence must establish beyond a reasonable doubt a wrongful intent to evade the tax. Hargrove v. United States, 67 F.2d 820 (5th Cir. 1933). See also McCarty v. United States, 409 F.2d 793, 795 (10th Cir. 1969). Cf. Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L. Ed. 418 (1943). Such intent may be proved by circumstantial evidence, upon which reasonable inferences can be based. Swallow v. United States, 307 F.2d 81, 83 (10th Cir. 1962); cf. Haskell v. United States, 241 F.2d 790, 793 (10th Cir. 1957).

Courts have held various types of evidence under various types of circumstances to support a reasonable inference of willfulness. For example, the most applicable statement by the Supreme Court in Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), regarded a pattern of underreporting to be sufficient:

> The petitioners contend that willfulness "involves a specific intent which must be proven by independent evidence and which cannot be inferred from the mere understatement of income." This is a fair statement of the rule. Here, however, there was evidence of a consistent pattern of underreporting large amounts of income, and of the failure on petitioners' part to include all of their income in their books and records. Since, on proper submission, the jury could have found that these acts supported an inference of willfulness, their verdict must stand.

In the case at bar, there is strong evidence in support of an inference of willfulness.

1. The amended returns filed for the years in question reveal a consistent pattern of underreporting large amounts of income. Further, during the same period of time, the deposits to defendants' various checking and savings accounts totaled some $60,000 more than was initially reported as gross income.

2. The defendants spent $67,000 for nondeductible expenditures, including reduction of their mortgage indebtedness by more than $28,000, life insurance premiums of $15,949, $4,461 in private school tuition for their children, the purchase of two new Buick automobiles, and $3,344 for household held—while reporting $311 in taxable income.

3. They were also making payments, from 1958 through 1967, on a building which cost $60,000.

From these large nondeductible expenditures, it may be inferred that appellants knew that their taxable income was greater than that reported.

Evidence of intent to evade is also found in the extensive use of cash by the defendants—cash which apparently was not withdrawn from their bank accounts, but rather had never found its way into a bank account. In 1965, for instance, the appellants wrote checks to cash totaling $210, yet paid $1,500 in cash to a bank on a loan. Over the four year period the appellants wrote only $1,400 in checks for groceries to feed a family of five, an average of $6.73 per week. Although appellants never had fewer than two automobiles, they never wrote any checks for gasoline and oil.

Since the appellants did keep records of income in their receipt book which they gave to their accountant for income tax purposes, it may be reasonably inferred by a jury that their failure to include in those receipt books such substantial amounts of income as were shown here pointed to something more than mere inadvertence or negligence.

■■ We conclude then that the evidence in the record before us fully justified the submission of the case to the jury, and the trial court properly denied appellants' motions for judgments of acquittal. Appellants' defenses of ignorance in tax matters and complete reliance on their accountant presented issues of fact properly determined by the jury.

We need not consider on its merits appellants' contention that their convictions should be reversed and the cause remanded for new trial because the issue of racial discrimination in the jury selection process was not raised below nor effectively waived by the defendants. Appellants do not *now* allege that the jury panel was in fact improperly selected, and if their contention *were* to be construed by this Court as a positive assertion of improper selection (which it is not), it is doubtful that they would not be deemed to have waived this objection, for purposes of appellate review, by failure to present such objection pursuant to Rule 12(b), Fed.R.Crim.P. Shotwell Mfg. Co. v. United States, 371 U.S. 341, 361–363, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963). If appellants do have a meritorious constitutional challenge to the selection of the jury panel or array, it would be more properly raised in a collateral proceeding. *See* Fernandez v. Meier, 408 F.2d 974 (9th Cir. 1969) (holding that in a petition filed pursuant to 28 U.S.C. § 2255, the issue of waiver must be determined according to the standards of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), rather than Rule 12(b) (2).

The judgments of conviction herein are affirmed.