UNITED STATES of America, Appellee,

v.

John J. AFFLERBACH, Appellant.

No. 75–1795.

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 22, 1976.

Decided Dec. 30, 1976.

Rehearing Denied Jan. 19, 1977.

Certiorari Denied Feb. 22, 1977.

See 97 S.Ct. 1118.

John J. Afflerbach, pro se.

James P. Castberg, U. S. Atty., Cheyenne, Wyo. (Frederick C. Reed and Jerome F. Statkus, Asst. U. S. Attys., Cheyenne, Wyo., with him on the brief), for appellee.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

SETH, Circuit Judge.

Defendant was convicted under 26 U.S. C.A. § 7201 of a willful attempt to evade or defeat income tax. It was charged in the indictment that the defendant received taxable income of some $32,153.00 in 1972 on which he owed $12,797.02 in income tax.

The Government alleged that the overt acts were a failure to file declaration of estimated tax for 1972, concealing and attempting to conceal his true and correct income, failure to pay the income tax due, and filing a purported income tax return showing a tax in the amount of $10.75 for 1972 and an amended return showing $312.67 (both returns contained no information relating to income from which a tax could be computed and were not valid returns). The defendant was found guilty and sentenced to three years imprisonment. He was also sentenced to thirty days for contempt of court. The defendant appeals.

On appeal, the defendant claims that the trial court erred in refusing to instruct the jury as he requested regarding the elements of a section 7201 offense, especially as to willfulness and good faith. In *United States v. Swallow,* 511 F.2d 514 (10th Cir.), this court stated that the elements of such an offense are a substantial income tax deficiency, willfulness, and some affirmative act constituting an attempt to evade or defeat the tax. The instructions given clearly covered these elements. As to "willfulness," the defendant asserts error because the court did not give the exact instruction he submitted. This stated that there must be a "bad purpose" and "evil motive." However, the definition of "willfulness" in this context does not include "bad purpose" or "evil motive." We held in *Swallow* and in *United States v. Dowell,* 446 F.2d 145 (10th Cir.), that "willfully" be defined as "voluntarily" and "intentionally" done with specific intent to evade the taxes. This definition was included in the instructions given in this case. No particular form is essential for the wording of an instruction so long as it conveys as a whole a correct statement of the applicable law. *Draeger v. Grand Central, Inc.,* 504 F.2d 142 (10th Cir.). The instructions here given did present a correct statement of the law when considered as a whole.

The defendant on this same point urges that it was error for the trial court to refuse to instruct that a *failure* to make a proper return and pay a tax is not a viola-tion of section 7201. We hold that such refusal to instruct was not error. There was evidence introduced that the defendant knew he had taxable income during the year in question, and that he intentionally filed a purported return which did not contain enough information upon which a tax could be computed. The proof showed an intentional act to evade the law, and the affirmative act of filing the type of return he did. *See United States v. Porth,* 426 F.2d 519 (10th Cir.). We held in *United States v. Dowell,* 446 F.2d 145 (10th Cir.), that a violation of section 7201 occurs when an attempt is made voluntarily and intentionally, with specific intent accompanied with some affirmative act. *See also United States v. Swallow,* 511 F.2d 514 (10th Cir.).

The instructions given by the trial court covered all the elements of the offense, and we find no error.

In an argument somewhat related to the foregoing, the defendant urges that he should have been permitted to introduce into evidence certain treatises, tracts, briefs, an opinion of a layman, and some similar documents to show what he relied on. These were for the most part matters of law, and in any event we cannot say that the trial court abused its discretion in refusing to admit these documents, and proffered testimony, as immaterial. *Young v. Anderson,* 513 F.2d 969 (10th Cir.). The evidence showed that the defendant knew that the income tax statutes required that a proper return be filed and a tax paid. The defendant does not agree with the income tax laws nor the general fiscal system of the Government, and he apparently believed this strongly, but this is not a defense. The acts charged were intentionally done with knowledge of the statutory requirements.

The defendant sought here and in a separate action to establish immunity from prosecution. There is no basis for the introduction of the separate action into these proceedings. The defendant has confused rights concerning a source of income with what he asserts is a right to refuse to

account for income. *See United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037.

■ The defendant sought to disqualify the trial judge on the ground that the defendant and others had brought suit against nearly all the federal judges in the country, including the judge who tried this case. The matter was completely unrelated to this prosecution, and had been dismissed before this trial started. The attempt to disqualify the trial judge did not raise any proper grounds, and it was properly denied.

■ The defendant stated to the court that he wanted to be represented at trial and asked that a layman so represent him. This was properly refused by the trial court. *United States v. Grismore,* 546 F.2d 844 (10th Cir.). The court permitted defendant to consult with this person for a time in the court room and later only outside during recesses. The court appointed an attorney to be available to defendant and who was present during the trial, but defendant did not consult with him. The rights of defendant under the Sixth Amendment were fully protected and fulfilled. *Rice v. Olson,* 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367; *Shawan v. Cox,* 350 F.2d 909 (10th Cir.).

■ The charge, as indicated above, was under section 7201. The defendant urges that the wording of the indictment showed or should be construed to charge only a misdemeanor under section 7203. This contention is without merit. The indictment clearly charges an offense under section 7201, and the proof was more than adequate to establish the violation. The distinction in *Spies v. United States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, was observed by the trial judge and some of the instructions contained language from the *Spies* case. The indictment was proper as were the instructions under *Spies.*

The defendant sought a change of venue, but it was properly denied. *Wheeler v. United States,* 382 F.2d 998 (10th Cir.).

■ The defendant was sentenced for contempt when, contrary to several warnings by the trial judge, he persisted in reading from documents he had sought to introduce in evidence, but which had been denied. On at least three occasions, the trial judge warned the defendant that his conduct in regard to the documents offered was improper. The defendant had repeated arguments with the trial judge regarding the layman as counsel, as to his court-appointed attorney, and the exclusion of his exhibits. The trial judge made every allowance for a defendant who was representing himself, but the record shows that the defendant's conduct constituted a defiance and an obstruction of justice. Since it was committed in the presence of the court, it was proper to punish the defendant summarily under Rule 42(a), Fed.R.Crim.P. It was required as a corrective step to restore and maintain the dignity and authority of the court. *United States v. Peterson,* 456 F.2d 1135 (10th Cir.). We find no error in the contempt citation and its disposition.

AFFIRMED.