**UNITED STATES of America, Appellee,**

v.

**Frank L. PARKS, Appellant.**

**No. 75–1806.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 25, 1977.

Decided April 27, 1977.

Michael S. Axt, Asst. Federal Public Defender, Denver, Colo. (Daniel J. Sears, Federal Public Defender, Denver, Colo., and Paul L. Badger, of McMillan & Browning, Salt Lake City, Utah, with him on the Briefs), for appellant.

Richard W. Beckler, Atty., Crim. Div., Dept. of Justice, Washington, D.C. (Ramon M. Child, U. S. Atty., Salt Lake City, Utah, Ronnie L. Edelman, and Hugh P. Mabe III, Attys., Crim. Div., Dept. of Justice, Washington, D.C., and Rodney W. Snow, Asst. U. S. Atty., Denver, Colo., of counsel, with him on the Brief), for appellee.

Before SETH, McWILLIAMS and DOYLE, Circuit Judges.

SETH, Circuit Judge.

The appellant, Frank L. Parks, together with Richard T. Cardall, and a corporation, Golden Rule Associates, were convicted in a joint trial on a conspiracy count, on several counts of using the mails to defraud in the sale of securities [15 U.S.C. § 77q(a)], and also on a count charging the sale of unregistered securities [15 U.S.C. § 77e(a)(2)]. The appellant was sentenced to two years imprisonment on each of the nine counts to be served consecutively and was fined $50,-000.00.

The appeals of the defendant, Richard T. Cardall, and of the corporation were con-

sidered previously by this court. *See United States v. Cardall and Golden Rule Associates*, 550 F.2d 604 (10th Cir.) (filed December 29, 1976). It is not necessary to here repeat disposition of the issues there considered which are also raised here by appellant Parks. This includes the statements by the trial judge to all counsel which are asserted to be prejudicial to the defendants.

 A witness for the Government, Gilda Shapiro, testified that she had a telephone conversation with appellant and he made representations to her about some of the stocks. The appellant did not, at the time, object to the introduction of this testimony and now urges that it was plain error to admit it. It appears that the witness was "introduced" to appellant over the telephone by a third party who was a longtime friend of hers. She did not then know appellant, did not know his voice, and could not identify him at trial. The third party did not testify, thus the only testimony as to the event was that of the witness. The point now made is that there was insufficient foundation laid for the testimony, and that appellant could not cross-examine the third person. We find nothing to constitute plain error in the admission of this testimony.

The appellant urges that an instruction should have been given as to the possibility that the securities in question may have been exempt from registration. The appellant asserts that he was advised by his attorney that there was such an exemption. As the appellant states in his brief, he has the burden of establishing an exemption. *S.E.C. v. Ralston Purina Co.*, 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494. Appellant urges that the evidence of his attorney's advice was sufficient to meet the burden or sufficient to entitle him to a jury instruction on exemption. We cannot agree that appellant had come close to meeting the requirements of the *Ralston Purina* opinion.

■ This matter of exemption is related to appellant's argument that he was entitled to an instruction as to his "good faith" or a lack of willfulness element. He also asserts that the exemption matter in some

way concerns all of the counts in the indictment. The trial court under the charge and the proof was not required to give a separate instruction on "good faith." *See United States v. Afflerbach*, 547 F.2d 522 (10th Cir.). The instructions as they described the elements of the offenses and the burden on the prosecution were proper and were adequate on the willfulness issue. We find no error as to the instructions.

AFFIRMED.