**UNITED STATES of America, Appellee,**

v.

**Larry OJALA, Appellant.**

**No. 78–1393.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1978.

Decided Nov. 22, 1978.

John R. Wylde, Jr., St. Paul, Minn., for appellant; Wylde also filed brief.

Donald F. Paar, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., on the brief.

Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

## PER CURIAM.

Defendant-appellant, Larry Ojala, appeals from a jury conviction on a five-count indictment of income tax evasion, 26 U.S.C. § 7201, for the years 1971–1975. His sole issue on appeal is that the government failed to show a knowing and willful failure of Ojala to report taxable income and thus there was insufficient evidence to support the jury verdicts of guilty. We find sufficient evidence to support the jury's verdicts and thus we affirm the district court.[1]

Ojala participated in a scheme whereby a medical supply salesman, John Meyers, submitted false invoices for medical supplies to the Eitel Hospital in Minneapolis, Minnesota, where Ojala was the purchasing agent. The supplies were not delivered and, through an understanding with Ojala, Meyers was paid directly for the nonexistent supplies, after which Meyers used personal checks to pay Ojala a share of the illegal proceeds. During the years concerned in the indictment, the checks totalled approximately $101,000; none of this income was reported to the Internal Revenue Service (IRS) by Ojala.

Ojala admits to all of the above. It is his contention on appeal that at the time he reported his income for 1971–1975, he did not know that the funds obtained by the scheme were taxable income[2] under the law and that willfulness, an essential element of 26 U.S.C. § 7201, was not shown by the government at trial. See United States v. Pohlman, 522 F.2d 974 (8th Cir. 1975), cert. denied, 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976); United States v. Dowell, 446 F.2d 145 (10th Cir.), cert. denied, 404 U.S. 984, 92 S.Ct. 448, 30 L.Ed.2d 368 (1971).

During the trial the government presented evidence that on March 24, 1976, special agents for the IRS interviewed Ojala concerning the scheme. The evidence showed that Ojala admitted to the IRS agents that he knew the tax laws well; that he used a booklet provided by the IRS to prepare his returns; that he knew the illegally obtained income was taxable and that it must be reported; and that he thought of reporting it as miscellaneous income but thought that if he did, the hospital would discover his activities.

Ojala denied these statements at trial and testified that he did not consider the illegally obtained money as taxable income.

The evidence presented clearly made the question of willfulness one for the jury to determine. The jury could believe the government agent or Ojala. The jury could also consider the circumstances surrounding the illegal scheme to infer bad faith or evil intent. There was sufficient evidence for the jury to conclude that Ojala was guilty of willful evasion of income tax. We therefore affirm the district court.

---

1. The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota.

2. James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961).