JOHN C. RALEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raley v. Commissioner
Docket No. 8383-79.
United States Tax Court
T.C. Memo 1980-571; 1980 Tax Ct. Memo LEXIS 14; 41 T.C.M. (CCH) 612; T.C.M. (RIA) 80571; December 24, 1980
John C. Raley, pro se. Stephen R. Takeuchi, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income *16 taxes and additions to tax: Taxable
Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654 [1]
1972
$ 2,177.77
$ 1,088.89
0
1973
2,377.72
1,188.86
$ 29.31
1974
2,984.18
1,492.09
95.37
1975
3,497.40
1,748.70
148.19
1976
3,264.00
1,632.00
121.85
In his answer to the amended petition filed in this case the respondent has pleaded, in the alternative, for additions to tax under sections 6651(a) and 6653(a) for all years. The income tax deficiencies are no longer contested. Therefore, the issues remaining are: (1) whether the petitioner's underpayment of income tax for each of the years 1972 through 1976 was due to fraud with intent to evade tax so that the petitioner is liable for the additions to tax under section 6653(b); (2) whether the petitioner is liable for the additions to tax under section 6654 for failure to pay estimated tax for the years 1973 through 1976. FINDINGS OF FACT There is no stipulation of facts. On July 2, 1980, respondent served a request for admissions *17 on petitioner pursuant to Rule 90, Tax Court Rules of Practice and Procedure. Petitioner answered the request on July 16, 1980. By order dated August 20, 1980, the Court found the petitioner's responses to be insufficient and, therefore, the requested admissions were deemed admitted under Rule 90(d) for the purposes of this case. Thus, the pleadings herein, and respondent's request for admissions form the basis of these findings of fact. John C. Raley (petitioner) was a resident of Elizabeth, Pennsylvania, when he filed his petition and mended petition in this case. During the years 1972 through 1976 the petitioner was an employee of the U.S. Steel Corporation. He worked at a research laboratory of U.S. Steel located in Monroeville, Pennsylvania. For the taxable years 1969 through 1971 the petitioner and his wife filed joint Federal income tax returns which were prepared by him. For the years 1972 through 1975 the petitioner's wife, Janet R. Raley, filed her Federal income tax returns as a married person filing separately. Petitioner was divorced from his wife in 1976. Petitioner failed to file individual Federal income tax returns for each of the yars 1972 through *18 1976. On April 21, 1976 and May 3, 1976, the Philadelphia Service Center received purported 1972 and 1973 amended Federal income tax returns of the petitioner. These documents were not income tax returns because the petitioner failed to provide sufficient information to compute his income tax liabilities and he failed to sign the purported returns under the penalties of perjury. For the years 1972 through 1976 the petitioner earned and was paid wages by the U.S. Steel Corporation in the following amounts: Year
Amount
1972
$ 11,706.32
1973
12,336.63
1974
14,178.28
1975
15,903.88
1976
17,342.68
The income taxes due and payable by the petitioner for the years 1972 through 1976 are: Year
Amount
1972
$ 2,177.77
1973
2,377.72
1974
2,984.18
1975
3,497.40
1976
3,264.00
For each of the taxable years 1972 through 1976, petitioner's employer, U.S. Steel Corporation, issued Forms W-2 which were received by petitioner. In 1973, 1974, 1975, 1976 and 1977 the petitioner supplied false Forms W-4E to his employer, U.S. Steel Corporation, claiming that he did not incur Federal income tax liability for the year preceding the year of submission *19 of the false W-4E and claiming that he did not anticipate any Federal income tax liability for the year of submission of the Form W-4E. At the time of submission of each Form W-4E for the years 1973 through 1977 the petitioner knew that he had incurred Federal income tax liability for the preceding year and he knew that he would incur Federal income tax liability for the year of the submission of the form. By filing the Forms W-4E with his employer, the petitioner caused the U.S. Steel Corporation to stop withholding Federal income tax from the date of the submission of the Form W-4E from 1973 through 1976. Petitioner used the income taxes which were not withheld from his wages for his personal living expenses. From 1973 into 1978 the petitioner has made various statements to high ranking Federal officials, agents of the Internal Revenue Service, and persons employed by the U.S. Steel Corporation concerning his intent to evade his Federal income tax liabilities for the years at issue. On April 26, 1977, a grand jury returned an indictment against the petitioner charging two counts of violating section 7203 for willfully failing to file individual income tax returns for *20 1973 and 1974, and charging one count of violating section 7205 for willfully submitting a false withholding exemption certificate with his employer for the year 1975. On September 7, 1977, the petitioner entered a plea of guilty to the second count of the indictment charging a willful failure to file an individual income tax return for 1974 in violation of section 7203. The judgment of conviction was entered on November 23, 1977.
ULTIMATE FINDINGS OF FACT 1. Petitioner's failure to file Federal income tax returns and to report thereon his correct taxable income for each of the years 1972 through 1976 was due to fraud with intent to evade tax. 2. Petitioner fraudulently and with intent to evade tax submitted false Forms W-4E to his employer for the years 1973 through 1976. 3. Part of the underpayment of income tax for each of the years 1972 through 1976 was due to fraud with intent to evade tax. 4. Petitioner is liable for the additions to tax for the years 1973 through 1976 under section 6654 for failure to pay estimated tax. OPINION The correctness of the computations of the income tax deficiencies has been conceded. Therefore, the first and principal issue is *21 whether the petitioner is liable for the section 6653(b) additions to tax for fraud. The burden of proving fraud is on the respondent, and he must carry his burden by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. He must show that the taxpayer intended to evade taxes which he knew or believed he owed, by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner,394 F.2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 112-113 (1956). The presence or absence of fraud is a factual question to be determined upon consideration of the entire record. Mensik v. Commissioner,328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962), cert. denied 379 U.S. 827 (1964); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Since fraud can seldom be established by direct proof of intention, the taxpayer's *22 entire course of conduct is often relied on to establish circumstantially such fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,supra at 105-106. We hold on this record that respondent has proved fraud by clear and convincing evidence. Failure to file returns does not in itself establish fraud. However, such failure may properly be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Beaver v. Commissioner,55 T.C. 85 (1970); Cirillo v. Commissioner,314 F.2d 478 (3d Cir. 1963); Bennett v. Commissioner,30 T.C. 114 (1958). An extended pattern of nonfiling plus some "convincing affirmative indication" of the requisite specific intent to defraud warrants imposition of the addition to tax for fraud. Stoltzfus v. United States,supra at 1005. There are other indicia of fraud present in this case. The petitioner was well aware of his obligation to file returns and tax taxes were due for each of the years 1972 through 1976. He is a knowledgeable and intelligent *23 person. He had filed Federal income tax returns for previous years. He earned substantial income which required him to file returns. He had prepared income tax returns for himself and his former wife. He had received Forms W-2 from the U.S. Steel Corporation setting forth his wages. In addition, he committed some "affirmative acts" of fraud. First, he filed false Forms W-4E for the years in issue. On these forms he certified that he had incurred no Federal income tax liability for the prior year and that he anticipated incurring no liability for Federal income tax for the year covered by the Form W-4E. Such certification was clearly false and is evidence of fraud. Cook v. Commissioner,T.C. Memo. 1980-415; Forbush v. Commissioner,T.C. Memo. 1979-214. Second, he submitted false documents to respondent purporting to be amended income tax returns for 1972 and 1973. These documents are not amended income tax returns because the petitioner refused to sign them under penalties of perjury and failed to provide information sufficient to determine his income tax liabilities. Cupp v. Commissioner,65 T.C. 68, 78-80 (1975), affd. *24 by unpublished order 559 F.2d 1207 (3d Cir. 1977). The submission of such "protestor" documents has been held to be sufficient to meet the "affirmative act" requirement of section 7201 for criminal prosecution purposes. United States v. Afflerbach,547 F.2d 522, 524 (10th Cir. 1976), cert. denied 429 U.S. 1098 (1977). Third, the petitioner has written several letters to the Secretary of the Treasury, the Attorney General, and to the Commissioner of Internal Revenue and his agents clearly stating that he has no intention of voluntarily paying any Federal income taxes. Such statements were made when the petitioner has no reasonable basis for believing that taxes were not owed.He deliberately refused to report his income taxes or pay them. The main thrust of the petitioner's position that there is no "fraud" is his argument that he did not "attempt to conceal his motives or intentions" and he did not "embark on his defiance of the IRS for personal gain." His argument misses the mark. The legal standards of section 6653(b) do not provide that notice is a defense. In this context "willfulness" does not include a "bad purpose" or "evil *25 motive." See United States v. Afflebrach,supra at 524, and cases cited therein. Certainly the disclosure of the petitioner's intent falls far short of admitting or disclosing information sufficient to determine his income tax liability. In fact, his actions and statements were directly aimed at not admitting, disclosing or paying his income tax. This Court has held that the term "willfully" as used in section 7201 encompasses all the elements of "fraud" as used in section 6653(b). Amos v. Commissioner,43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1965). The Supreme Court has made clear that "willfulness" as used in sections 7201 through 7207 simply means a "voluntary, intentional violation of a known legal duty." United States v. Pomponio,429 U.S. 10, 12 (1976). Here the evidence clearly establishes the petitioner's voluntary, intentional violation of his known legal duties, namely, the filing of his income tax returns, the reporting of his income and tax, the paying of his income tax and the submission of proper withholding statements. Accordingly, after examining and evaluating the facts contained *26 in this record, we have found and hold that part of the underpayments of tax for each of the years at issue was due to the petitioner's fraud. We therefore sustain the additions to tax under section 6653(b). In his notice of deficiency respondent determined that the petitioner is liable for the additions to tax under section 6654 for the years 1973 through 1976 for failure to make timely estimated tax payments. The petitioner has failed to carry his burden of proof on this issue. Therefore, we sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩