RALPH E. HINDMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hindman v. Commissioner
Docket No. 30085-81.
United States Tax Court
T.C. Memo 1983-389; 1983 Tax Ct. Memo LEXIS 401; 46 T.C.M. (CCH) 649; T.C.M. (RIA) 83389; July 5, 1983. *401 Held: R's motion to dismiss for lack of prosecution with respect to deficiencies in income tax for the taxable years 1975, 1976 and 1977 and with respect to the sec. 6654(a), I.R.C. 1954, addition to the tax for the taxable years 1976 and 1977 granted. Held further: R's motion to impose sanctions pursuant to Rule 104 denied as moot. Held further: R's motion for partial summary judgment with respect to the sec. 6653(b), I.R.C. 1954, addition to the tax for the taxable years 1975, 1976 and 1977 granted. Ralph E. Hindman, pro se. Edward F. Peduzzi, Jr., for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Before the Court is respondent's motion for partial summary judgment, filed February 16, 1983, respondent's motion to impose sanctions under Rule 104, *402 [1] filed March 1, 1983, and respondent's motion to dismiss for lack of prosecution, filed at the scheduled hearing of the former two motions on March 14, 1983. By statutory notice, respondent determined deficiencies in petitioner's income tax and additions to the tax as follows: Additions to the Tax
Year
Deficiency
Sec. 6653(b) [2]
Sec. 6654(a)
1975
$6,537.59
$3,268.80
1976
6,088.22
3,044.11
$227.23
1977
7,495.65
3,747.83
268.05
The petition stated that Ralph E. Hindman (hereinafter "petitioner") was an individual residing in Brookville, Pennsylvania. The petition further stated that respondent's determination of the deficiencies and additions was erroneous and based upon false information. In the petition petitioner claimed the privilege against self-incrimination as the grounds for his refusal to supply information or present evidence concerning his tax liability. On December 20, 1982, petitioner was served with notice setting the case *403 for trial. On March 14, 1983, when the case was called for trial, counsel for respondent appeared and answered ready for trial. No appearance was made by or on behalf of petitioner. Respondent therefore moved to dismiss for failure to prosecute, pursuant to Rule 123(b), which provides. (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. Petitioner bears the burden of proof with respect to the deficiencies and section 6654(a) additions to the tax set forth in the statutory notice of deficiency. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933); Bixby v. Commissioner,58 T.C. 757 (1972). The privilege against self-incrimination may not be asserted to defend a blanket refusal to proceed with one's case, but rather, at the Court's *404 discretion, may be allowed with respect to particular testimony or records where supported by specific and legitimate objections. Rechtzigel v. Commissioner,79 T.C. 132, 136-139 (1982), affd. per curiam 703 F.2d 1063 (1983). Petitioner's blanket refusal to cooperate with respondent's attempts at discovery and to proceed with his case is clearly outside the scope of the privilege and petitioner is not thereby relieved of his burden. Accordingly, based upon petitioner's refusal to attend the trial and to provide evidence to meet his burden, we grant respondent's motion to dismiss. [3] Decision will be entered for the respondent in the amount of deficiencies in petitioner's income tax and the mandatory section 6654(a) additions to the tax as determined in the notice of deficiency for the years 1976 and 1977. Doncaster v. Commissioner,77 T.C. 334 (1981). [4]Gilday v. Commissioner,62 T.C. 260 (1974). Having decided these issues in respondent's favor, we deny respondent's motion to impose sanctions under Rule 104 as moot. *405 Next, we decide respondent's motion for partial summary judgment on the section 6653(b) fraud issue for the years 1975, 1976 and 1977. The burden is on respondent and he must carry that burden by clear and convincing evidence. However, because direct evidence of fraud is rarely available, respondent may prove fraud through the implications of circumstantial evidence, as well as on the basis of facts deemed admitted pursuant to the Rules of this Court. Doncaster v. Commissioner,supra at 338. Respondent filed a timely answer to the petition in which he affirmatively alleged facts pertinent to the section 6653(b) addition to the tax. [5] By reply, petitioner denied some of respondent's allegations, admitted others, and claimed insufficient knowledge or information with respect to others. Respondent thereafter served on petitioner respondent's first request for admissions, accompanied by a cover letter explaining the Rules governing a request for admissions and the penalty for failure to reply, as well as a copy of Rule 90. Rule 90(c) provides in pertinent part: (c) Response to Request: Each matter is deemed admitted unless, within 30 days after service *406 of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (i) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (ii) an objection, stating in detail the reasons therefor. * * * Petitioner failed to respond within the time prescribed by Rule 90, or otherwise object at any subsequent time.The allegations set forth in respondent's first request for admissions are therefore deemed admitted. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). The following facts were admitted by petitioner in his reply to the affirmative allegations contained *407 in respondent's answer: (1) For the taxable year 1974, petitioner timely filed his U.S. income tax return (Form 1040) wherein he reflected the wages he received from C & K Coal Company and showed a tax liability for that year of $1,467.81. On April 15, 1975, petitioner filed with his employer a Form W-4E, Exemption from Withholding, in which he certified, under penalties of perjury, that he incurred no tax liability in the year 1974 and anticipated none in 1975. (2) For the taxable year 1975, petitioner timely filed his U.S. Individual Income Tax Return (Form 1040) on which he reported wages received from C & K Coal Company and showed a tax liability of $469.60. On April 29, 1976, petitioner filed with his employer a Form W-4E, Exemption from Withholding, on which he certified, under penalties of perjury, that he incurred no tax liability for the year 1975 and anticipated none in 1976. (3) On April 27, 1977, petitioner filed with his employer a Form W-4E, Exemption from Withholding, on which petitioner certified, under penalties of perjury, that he incurred no tax liability for the year 1976 and anticipated none in 1977. (4) For the taxable year 1976, petitioner filed *408 a protest-type return in which he invoked the provisions of the Fifth Amendment as the reason for not providing required information on this return from which a correct tax liability could be computed. (5) During the years 1976 and 1977, per forms W-2 issued, and records kept by the C & K Coal Company, petitioner earned wages of $22,375.46 and $25,351.29, respectively, which amounts petitioner denies having received. (6) On April 18, 1977, agents of respondent attempted to interview petitioner for purposes of examining petitioner's 1975 individual income tax return including the claimed casualty loss shown thereon. On that date, petitioner refused to answer any questions unless he was permitted to tape the interview and be furnished with a signed statement granting him immunity from prosecution. These additional facts have been deemed admitted pursuant to Rule 90: (1) During the years at issue, petitioner was employed by C & K Coal Company and, for each year, was issued by C & K Coal Company a Form W-2, Wage and Tax Statement, showing amounts of wages paid and withholdings for each year. (2) Petitioner knew that the Forms W-4E filed by him in 1975, 1976 and 1977, which *409 certified that he had incurred no tax liability in each previous respective year, were false in that he was aware that he had filed a return and paid income tax in 1974 and 1975, and was aware of his liability in 1976, the year in which he filed a Fifth Amendment protest-type Form 1040. Petitioner knew that the effect of filing the Form W-4E was to prevent C & K Coal Company from withholding taxes on wages paid after the filing of such form in each respective year. (3) On his 1975 income tax return, petitioner showed a casualty loss in the amount of $14,986.58. Petitioner failed to produce for examination by respondent his books and records concerning his income-producing activities, or to provide documentation or otherwise substantiate the reported casualty loss for the year 1975. (4) During the years 1976 and 1977 petitioner earned $22,375.46 and $25,351.29, respectively, from C & K Coal Company.Petitioner was thus required to file income tax returns for these years, and was aware that a tax liability was owed for each such year. (5) The protest-type, Fifth Amendment Form 1040 filed by petitioner for the taxable year 1976 was returned to him by respondent informing him *410 that it was not acceptable as a return because it did not comply with the requirements of the Code. Petitioner never filed an acceptable return for the taxable year 1976. Petitioner never filed an income tax return for the taxable year 1977. (6) The petitioner's two-step scheme in filing a false W-4E with his employer on April 15, 1975, certifying that he incurred no tax liability in 1974 and anticipated none in 1975, and in utilizing a unsupported casualty loss to reduce his 1975 income to a minimum taxable status, was fraudulent with intent to evade tax. (7) The petitioner's two-step scheme in filing a false W-4E with his employer on April 29, 1976, certifying that he had no tax liability in 1975 and anticipated none in 1976, and filing a protest-type return for the taxable year 1976, and ultimately never filing an acceptable income tax return for the year 1976 was fraudulent, with intent to evade tax. (8) The petitioner's two-step scheme in filing a false W-4E with his employer on April 27, 1977, certifying that he incurred no tax liability in 1976 and anticipated none in 1977, and not filing an income tax return for the year 1977 was fraudulent with intent to evade tax.
*411 (9) A part of the understatement of tax required to be shown on petitioner's income tax return for the taxable year 1975 is due to fraud. (10) A part of the underpayment of tax which petitioner was required to show on an income tax return for each of the taxable years 1976 and 1977 is due to fraud. Petitioner's admissions and facts deemed admitted pursuant to Rule 90 conclusively establish that fraudulent affirmative steps were taken in each year 1975, 1976 and 1977, as outlined above, to stop income from being collected. Moreover, it has been deemed admitted that a part of the underpayment in taxes for each year 1975, 1976 and 1977 was due to fraud with the intent to evade tax. [6] Considered together, these facts conclusively establish that a part of petitioner's underpayment of tax in each of the years 1975, 1976 and 1977 was due to fraud. See, e.g., Doncaster v. Commissioner,77 T.C. 334 (1981); Grosshandler v. Commissioner,75 T.C. 1 (1980); Beaver v. Commissioner,55 T.C. 85 (1970). [7] There being no material facts in issue, we conclude that this case can be decided as a matter of law and is therefore ripe for summary *412 judgment.
Petitioner failed to cooperate with respondent's attempts at discovery, to respond to respondent's request for admissions, and to appear at trial. Apparently, petitioner decided either to concede his case or to rest solely upon the Fifth Amendment claims raised in his petition and reply, and during administrative proceedings. However, the Fifth Amendment does not support a blanket refusal to produce records or testify. The Court, and not the taxpayer, must make the ultimate determination of whether a claim of privilege is justified, based upon specific objections by the taxpayer to particular questions or requests. Rechtzigel v. Commissioner,79 T.C. 132, 136-139 (1982), affd. per curiam 703 F.2d 1063 (1983). Nor can a taxpayer, *413 by total and continued silence, attempt to ensure that he will not be deemed to have conceded the fraud issue. Doncaster v. Commissioner,supra.As petitioner has raised no legal argument of merit, we hereby grant respondent's motion for summary judgment. We do not believe a different result is required by Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. a Memorandum Opinion of this Court. There, the court stated, at 983: To meet its burden in this case, the Government relies upon Raley's filing of false withholding forms and incomplete tax returns which falsely indicated that they were amending prior returns. Also relied upon are Raley's actions in refusing to sign his income tax returns under penalty of perjury as well as his refusal to provide IRS with any information whatsoever in order that they might compute his proper tax liability. Were this the only evidence before us, we might be inclined to agree with the Government that Raley intended to defraud the Government. However, also before us are the letters which Raley wrote and mailed to various federal officials involved in federal tax collection efforts. In those *414 letters, the appellant went out of his way to inform every person involved in the collection process that he was not going to pay any federal income taxes.The letters do not support a claim of fraud; to the contrary, they make it clear that Raley intended to call attention to his failure to pay taxes. * * * [Emphasis supplied.] The taxpayer's great efforts in calling attention to his refusal to pay tax was the fact upon which the court in Raley distinguished its decision from cases wherein fraud was found based upon the nonfiling of returns and the filing of a false Form W-4E, the refusal to provide information sufficient to calculate tax liability, and the filing of a protester-type Form 1040. See, e.g., United States v. Afflerbach,547 F.2d 522, 524 (10th Cir. 1976), cert. denied 429 U.S. 1098 (1977); Stoltzfus v. United States,398 F.2d 1002, 1005 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Cirillo v. Commissioner,314 F.2d 478 (3d cir. 1963); Cupp v. Commissioner,65 T.C. 68, 78-80 (1975), affd. in unpublished order 559 F.2d 1207 (3d Cir. 1977); Beaver v. Commissioner,supra; *415 Cook v. Commissioner,T.C. Memo. 1980-415; Forbush v. Commissioner,T.C. Memo. 1979-214. Absent such a pattern of notification, the Raley court, facing facts otherwise similar to those presently before us, was "inclined to agree * * * that [the taxpayer] intended to defraud the Government." In the present case, where there is no Raley-like pattern of notification, we find that the petitioner herein intended to defraud the Government. [8]
An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. See also Rule 149, which provides in relevant part: (a) Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. * * * ↩
4. In Doncaster v. Commissioner,77 T.C. 334, 336 (1981), we observed under similar circumstances: As to the underlying deficiency, there is no question that respondent should prevail, either on the ground that the petitioner has defaulted by virtue of his nonappearance at trial and/or has failed to carry his burden of proof. * * *↩
5. Respondent's answer also affirmatively alleged that should this Court find petitioner not liable for the sec. 6653(b) addition, that petitioner be liable, in the alternative, for additions to the tax as follows: ↩
Year
Sec. 6651(a)(1)
Sec. 6653(a)
1975
$326.88
1976
$1,522.05
304.41
1977
1,873.91
374.78
6. For cases finding fraud on the basis of facts deemed admitted pursuant to Rule 90, see Wynne v. Commissioner,T.C. Memo. 1982-572; Dudley v. Commissioner,T.C. Memo. 1982-462; Bachman v. Commissioner,T.C. Memo. 1980-517↩. 7. See also Bratton-Bey v. Commissioner,T.C. Memo. 1982-19; Cook v. Commissioner,T.C. Memo. 1980-415↩.
8. We express no view regarding the continued vitality of our opinion in Raley v. Commissioner,T.C. Memo. 1980-571↩.