HAYDEN P. DYER, ET AL., [1] Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Dyer v. Commissioner
Docket Nos. 18676-81, 18677-81, 18678-81.
United States Tax Court
T.C. Memo 1983-404; 1983 Tax Ct. Memo LEXIS 386; 46 T.C.M. (CCH) 728; T.C.M. (RIA) 83404; July 13, 1983. Hayden P. Dyer, pro se. James J. Everett, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: *387 Respondent determined the following deficiencies in and additions to petitioners' Federal income tax: Additions to Tax [2]
Docket No.
Year
Deficiency
Sec. 6653(b)
Sec. 6654
18676-81 (Petitioner
1975
$1,617.00
$808.50
$70.00
Hayden P. Dyer)
1976
668.00
334.00
23.00
1978
976.00
488.00
32.00
18678-81 (Petitioner
1975
1,647.00
823.50
70.00
M. Leona Dyer)
1976
868.00
434.00
32.00
1978
1,191.00
595.50
38.00
18677-81 (Petitioners
1977
1,910.00
955.00
69.00
Hayden P. and M.
Leona Dyer)
These cases are consolidated for purposes of trial, briefing, and opinion. The issues, for each of the years in issue, are (1) the amount of petitioners' unreported income, (2) whether any part of petitioners' underpayment was due to fraud, and (3) whether petitioners are liable for the addition to tax pursuant to section 6654. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, Hayden P. Dyer and M. Leona Dyer, resided in Phoenix, Ariz., when they filed their petitions herein. Petitioners *388 were also married and resided in Arizona during the years in issue. Petitioner Hayden P. Dyer was employed during the years in issue by various construction companies and received the following wages: 1975
$14,043.50
1976
15,193.96
1977
17,158.01
1978
17,971.80
Petitioner M. Leona Dyer was employed by the Madison School District and received the following wages: 1976
$582.99
1977
966.99
1978
1,320.05
As a result of his falsely claiming 22 exemptions, little or no Federal income tax was withheld on Hayden P. Dyer's 1975-1978 wages. For each year 1974 and 1975, Hayden P. Dyer filed a Form 1040. On the 1974 form, no entries were made and no income was reported. On the 1975 form, no entries were made and total income was listed as "under $740.00." On each form, various frivolous constitutional objections were made, and attached to each form was a lengthy series of documents and articles listing typical protestor type grievances. M. Leona Dyer did not sign these forms, nor did she file separate 1974 or 1975 Federal income tax returns. For each year 1976, 1977, and 1978, Hayden P. Dyer and M. Leona Dyer filed a joint Form 1040.Again, *389 no entries were made and, instead, asterisks were simply inserted where amounts of income are required to be posted. Constitutional objections were similarly asserted and a list of grievances was attached to each form. Also attached to the 1977 Form were W-2 statements reflecting all wages earned by Hayden P. and M. Leona Dyer in 1977. By letter dated May 27, 1975, Hayden was informed by the Internal Revenue Service that the document he filed with respect to his taxable year 1974 did not qualify as a Federal income tax return. Similar notices were sent with respect to documents filed for 1975, 1976, and 1978. Petitioners filed valid Federal income tax returns for several years prior to the taxable year 1974. In his notices of deficiency, respondent determined petitioners had unreported income from the various construction companies that employed Hayden P. Dyer from 1975 through 1978 and from the school district that employed M. Leona Dyer from 1976 through 1978. [3] Respondent also asserted additions to tax in each year 1975-1978 both for fraud and for underpayment of estimated tax. *390 OPINION It is clear petitioners' compensation in the form of wages from their respective employers is taxable income. Sec. 61(a)(1). Accordingly, with the exception of a concession by respondent with respect to 1975, we sustain his determinations as to the underlying deficiencies for each year in issue.
We also sustain respondent's assertion of the addition to tax under section 6654 for underpayment of estimated tax for each of the years in issue. Due to his claiming 22 exemptions, no tax was withheld on Hayden P. Dyer's wages. As a result, there was an underpayment of petitioners' estimated tax in each of the years in issue. See sec. 6654(e). Where there is a failure to pay or an underpayment of estimated tax, the section 6654 addition is mandatory. Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). With respect to the fraud issue, respondent bears the burden of proof and must establish by clear and convincing evidence that some part of an underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. To establish fraud, respondent must show that the taxpayer intended to evade taxes believed to *391 be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958). Since petitioners filed proper Federal income tax returns prior to 1974, they were aware of their obligation to file proper returns for the years in issue. Yet, on the Form 1040s filed for 1974 through 1978, petitioners intentionally omitted all their wages from income as a form of protest against the government. They failed to pay taxes they knew and believed to be owing. That petitioners attached W-2 forms to their 1977 Form 1040 which reflected their total wages does not absolve them of liability in that year for the fraud addition. Petitioners obviously did not intend that form to constitute a return. [4] It contains the same frivolous constitutional objections and an attached list of grievances that were likewise submitted with the 1974, 1975, 1976, and 1978 forms. Moreover, Hayden P. Dyer falsely claimed 22 withholding *392 allowances from all his employers during the years 1975 through 1978. Filing of false W-4's has been held to be an affirmative act of fraud. United States v. Afflerbach,547 F.2d 522, 524 (10th Cir. 1976); Habersham-Bey v. Commissioner,78 T.C. 304 (1982). With one exception, discussed below, we find petitioners fraudulently underpaid their taxes during each of the years in issue. *393 Petitioner M. Leona Dyer earned no wages in 1975. The asserted deficiency against her in 1975 arises solely out of her community share of her husband's income. Moreover, she did not sign the form submitted by her husband in 1975. We find respondent has failed to meet his burden of proof that M. Leona Dyer fraudulently failed to pay her taxes in 1975. With respect to 1976, 1977, and 1978, however, she earned wages which she failed to report, and she signed the protestor type Form 1040 filed with her husband. As to these years, we sustain respondent's additions for fraud as to M. Leona Dyer. To reflect the foregoing and the concession by respondent, Decisions will be entered under Rule 155 in docket No. 18676-81 and docket No. 18678-81.
Decision will be entered for respondent in docket No. 18677-81.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Hayden P. Dyer and M. Leona Dyer, docket No. 18677-81, and M. Leona Dyer, docket No. 18678-81.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. Respondent issued separate notices of deficiency to Hayden P. Dyer and M. Leona Dyer in 1975, 1976, and 1978. Deficiencies are based on their community share of unreported income.↩
4. See Reiff v. Commissioner,77 T.C. 1169↩ (1981), where we held the filing of a Form 1040 similar in almost all respects to the forms filed by petitioners herein did not constitute a Federal income tax return even though the taxpayers also attached their W-2 forms. We held the taxpayers' failure to fill in the Form 1040 lines (especially line 9 - wages, salaries, tips, and other employee compensation) and a 32-page document of grievances amounted to a repudiation of the status of the W-2 forms as part of the Federal tax return. Since there was no honest and genuine endeavor to satisfy the requirement for a return, we held the documents filed did not constitute a Federal income tax return for purposes of the late filing addition under sec. 6651(a)(1).