NORTHERN ANTHRACITE COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22732.   Promulgated January 12, 1931.

Preston B. Kavanagh, Esq., for the petitioner.
B. M. Coon, Esq., for the respondent.

OPINION.

STERNHAGEN: 1. As to the deficiency of $23,707.66, the petitioner's return was filed on May 15, 1922. It is this date and not that of the filing of the amended return in January, 1923, which starts the period of limitation. *E. S. Heller et al., Executors*, 10 B. T. A. 53; cf. *Florsheim Bros. Dry Goods Co.* v. *United States*, 280 U. S. 453. By section 250 (d) of the Revenue Act of 1921, no assessment of any amount due for 1921 could be made more than four years after the return was filed, or May 15, 1926, unless by written consent. Such a consent was filed on February 5, 1926, before the expiration of the four-year period; and again on September 17, 1926, extending the time until December 31, 1927, with time out for a proceeding before the Board. The deficiency notice was mailed November 23, 1926, and the proceeding before the Board was instituted January 21, 1927, both before the extended period had expired. Therefore, by the terms of the written consent, the suspended time goes on until the Board's final decision in this proceeding, and the limitation period then picks up again to run until, by the terms of the consent, it expires. Clearly it had not expired at the time of filing this proceeding, and there is no reason to hold that assessment of the deficiency is barred.

The Revenue Act of 1926, section 278(d), provides that collection may be made within six years after assessment, if the assessment has been made within the statutory period of limitation; and petitioner argues that the " statutory period of limitation " was four years and that the extension, however voluntary and proper, does

not serve to change the " statutory period." It has been held that the phrase " statutory period of limitation " in this connection is to be interpreted as including any extended period to which the taxpayer and the Commissioner have consented in writing as recognized in the Act. *Loewer Realty Co.* v. *Anderson*, 31 Fed. (2d) 268, certiorari denied, 280 U. S. 558; *Loewy & Son* v. *Commissioner*, 31 Fed. (2d) 652; *Sunshine Cloak & Suit Co.*, 10 B. T. A. 971; *W. O. Menger et al.*, 17 B. T. A. 998.

The deficiency of $23,707.66 is not barred.

2. The $12,429.53 is part of the tax shown on the original return filed May 15, 1922. It was assessed in October, 1922, which was indisputably within the statutory period for assessment, and hence it is unnecessary to be concerned about the timeliness of assessment or the effect of assessment waivers. Collection, however, has not yet been made, and petitioner insists that it is now too late for collection and that it is entitled to such decision. Both parties concede that the Board has jurisdiction over the question. *Peerless Woolen Mills*, 13 B. T. A. 1119; *Peerless Woolen Mills* v. *Rose*, 28 Fed. (2d) 661; *M. W. Thompson*, 18 B. T. A. 1192.

Under the Revenue Act of 1921, section 250(d), collection was required within five years after the return was filed, or before May 15, 1927. *Bowers* v. *N. Y. & Albany Lighterage Co.*, 273 U. S. 346. The assessment having been made before the enactment of the Revenue Act of 1924, the six-year collection period provided therein did not apply. *Russell* v. *United States*, 278 U. S. 181. But before May 15, 1927, the Revenue Acts of 1924 and 1926 had been passed creating the Board of Tax Appeals, giving the taxpayer a right to proceed before the Board prior to a demand for payment and prohibiting the Commissioner from collecting during the pendency of the proceeding before the Board. The institution by the taxpayer of a proceeding before the Board in respect of a deficiency for any year gives the Board jurisdiction to determine not only the correctness of the particular amount determined as a deficiency, but also the correct tax liability and any overpayment and additional deficiency for the same year which may be involved in that determination. Because of this broad jurisdiction, the Commissioner may not collect any deficiency or unpaid assessment put in issue in the proceeding until the Board's final decision. Manifestly, this restraint of the Commissioner carries with it a suspension of the limitation period, for it can not be reasonably supposed that time was running against him while his hands were tied. *Peerless Woolen Mills Co.* v. *Rose*, 28 Fed. (2d) 661; *Brown & Sons Lumber Co.* v. *Commissioner*, 38 Fed. (2d) 425; affd., 282 U. S. 283.

As the notice of deficiency was mailed to petitioner and the proceeding was instituted prior to the expiration of the statutory period

for collection, the time for collection was extended without the necessity of any written consent or waiver, and hence that of October 3, 1928, and its successor have no present significance.

Neither the deficiency of $23,707.66 nor the unpaid assessment of $12,429.53 is barred.

*Judgment will be entered under Rule 50.*