ALFONZO L. DOWELL AND VIVIAN T. DOWELL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2150–75. Filed August 1, 1977.

*Richard S. Karam* and *Stephen Jones,* for the petitioners. *Thomas J. Miller,* for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined the following deficiencies in the petitioners' Federal income taxes:

| | | Additions to tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6653(b), I.R.C. 1954 | Sec. 6651(a), I.R.C. 1954 |
| 1963 | $4,794.86 | $2,397.43 | |
| 1964 | 4,716.78 | 2,358.39 | |
| 1965 | 2,494.07 | 2,302.70 | ($4.00) |
| 1966 | 5,479.16 | 2,739.58 | (16.96) |

The issue is whether the statute of limitations bars the assessment and collection of deficiencies in income taxes and additions to the taxes for the years 1963 through 1966.

The parties filed a full stipulation of facts which together with the exhibits attached thereto are incorporated by this reference.

Alfonzo L. and Vivian T. Dowell (petitioners), husband and wife, resided in Oklahoma City, Okla., when they filed their petition.

Petitioners filed joint U.S. income tax returns for the taxable years 1963, 1964, 1965, and 1966 with the District Director of Internal Revenue at Oklahoma City, Okla. These returns were filed on the following dates:

| 1963 return | June 16, 1964 | 1965 return | May 2, 1966 |
| 1964 return | June 15, 1965 | 1966 return | May 9, 1967 |

On November 25, 1968, petitioners filed purported amended Forms 1040 for the taxable years 1963 and 1964 with the Internal Revenue Service Center at Austin, Tex. Petitioners neither signed nor verified these returns.

On September 13, 1968, petitioners filed amended Forms 1040 for the taxable years 1965 and 1966 with the Internal Revenue Service Center at Austin, Tex. The four amended returns reported additional taxable income.

On September 30, 1972, petitioners executed a power of attorney (Form 2848) appointing Richard S. Karam and Fred E. Percival as attorneys in fact to represent petitioners before the Internal Revenue Service with respect to income taxes and employment taxes for the years 1963 through 1968. By such power of attorney, petitioners authorized Richard S. Karam and Fred E. Percival, or either of them, to execute consents extending the statutory period for assessment or collection of taxes.

On November 16, 1972, Fred E. Percival executed a Form 872 extending the period for assessment of income tax due from petitioners for the taxable year 1966 to October 31, 1973. The District Director signed this consent on November 17, 1972. The validity of the consent, by its terms, is conditioned upon the applicability of section 6501(e), I.R.C. 1954.[1]

On May 11, 1973, Fred E. Percival executed a Form 872 further extending the period for the assessment of income taxes due from petitioners for the taxable year 1966 to May 31, 1974. The District Director signed this consent on May 16, 1973.

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise stated.

On February 27, 1974, Fred E. Percival executed a Form 872 further extending the period for the assessment of income taxes due from petitioners for the taxable year 1966 to December 31, 1974. The District Director signed this consent on February 27, 1974.

The District Director sent petitioners a statutory notice of deficiency on December 11, 1974.

With respect to the taxable year 1966, petitioners omitted from their original income tax return gross income of $18,574.47, which amount is in excess of 25 percent of the gross income stated on that return, but less than 25 percent of the gross income reported in the amended income tax return for that year.

Petitioners were the defendants in the criminal case of *United States v. Alfonzo L. Dowell and Vivian T. Dowell*, Cr. No. 70–85 (W.D. Okla.), affd. 446 F.2d 145 (10th Cir. 1971), cert. denied 404 U.S. 984 (1971). The indictment in that case, which was filed on May 7, 1970, charged both petitioners with knowingly and willfully attempting to evade and defeat income taxes by filing false and fraudulent joint U.S. income tax returns for the years 1963, 1964, 1965, and 1966.

The petitioners, on May 17, 1970, entered a plea of not guilty to the charges.

On August 6, 1970, after trial on the merits, the jury rendered its verdict finding both petitioners guilty of violating the provisions of section 7201, as charged in the indictment, for each of the taxable years 1963, 1964, 1965, and 1966.

The United States offered all of the original and amended Forms 1040 involved in this case into evidence and the court received them without objection in the criminal case.

By reason of the criminal conviction, the petitioners are estopped in this case, under the doctrine of collateral estoppel (estoppel by judgment) from denying that they filed false and fraudulent original income tax returns for the taxable years 1963, 1964, 1965, and 1966, with the intent to evade and defeat a part of the income taxes due and owing by them for those years and that, due to such fraud, there is, for each year, an underpayment of tax within the meaning of section 6653(b).

Petitioners do not contest respondent's determination of taxable income and income tax liabilities, together with

additions to the taxes, for the taxable years 1963, 1964, 1965, and 1966, as set forth in the statutory notice of deficiency.

Petitioners' first contention is that their filing of amended income tax returns "tolled" the running of the statute of limitations.

Respondent contends that petitioners' filing of false and fraudulent original returns determines the applicable statute of limitations and that the subsequent filing of amended returns is of no import in determining whether the statutory notice was timely.

We agree with respondent.

Section 6501(a) provides the general rule that the Commissioner must begin proceedings for the assessment and collection of tax within 3 years after the return is filed.

Section 6501(c)(1) provides an exception in the case of a false or fraudulent return filed with the intent to evade tax. In such a case, the Commissioner may assess the tax, or begin a proceeding in court for the collection of such tax without assessment, at any time after the taxpayer files the false or fraudulent return.

Section 6501(e) provides another exception in the case of substantial omission of items. If a taxpayer omits from gross income an amount in excess of 25 percent of the gross income stated in the return, the Commissioner may assess the tax, or begin a proceeding in court for the collection of such tax without assessment, at any time within 6 years after the return was filed.

Petitioners argue that a 3-year statute of limitations began running with the filing of the amended income tax returns. Since the Commissioner mailed the statutory notice of deficiency more than 3 years after the filing of the amended returns, petitioners assert that the statutory notice was untimely.

It is well settled that when a taxpayer files an original return and thereafter an amended return, the statute of limitations begins to run from the date of the original return, and not the date of the filing of the amended return. *Kaltreider Construction, Inc. v. United States*, 303 F.2d 366 (3d Cir. 1962), cert. denied 371 U.S. 877 (1962); *Northern Anthracite Coal Co. v. Commissioner*, 21 B.T.A. 1116 (1931); 10

Mertens, Law of Federal Income Taxation, sec. 57.15, p. 33 (1976 rev.).

We have rejected an argument similar to that made by petitioners. In *Goldring v. Commissioner,* 20 T.C. 79 (1953), the taxpayer filed original returns which omitted more than 25 percent of gross income. Fifteen months later he filed amended returns which purported to correct, in part, the original omission, so as to reduce it below 25 percent. We held that the 5-year limitation as provided by section 275(c), I.R.C. 1939, started to run upon the filing of the original return, and was not tolled by taxpayer's filing of the amended return. See also *Houston v. Commissioner,* 38 T.C. 486 (1962). Applying this rationale to the present situation, it follows that the filing of an amended return cannot operate to prevent the unlimited statute of limitations provided by section 6501(c)(1) from applying to the original return.

This analysis is consistent with the statutory method for the computation of the fraud penalty. Under section 6653(c)(1), taxes shown due on an amended return filed after the due date of an original return are to be disregarded in determining the underpayment to which the fraud penalty attaches. Rather, the fraud penalty prescribed by section 6653(b) is to be applied to the difference between the correct tax due and the tax shown on a timely filed return. *Stewart v. Commissioner,* 66 T.C. 54 (1976), and cases cited therein.

Petitioners rely on *Bennett v. Commissioner,* 30 T.C. 114 (1958), for the proposition that the amended Forms 1040 in this case started the 3-year statute of limitations running. *Bennett* involved a situation in which there was fraud in failing to file income tax returns. After the due date for filing the returns, the taxpayer filed nonfraudulent delinquent returns. The Court held that the 3-year statute of limitations applied to the delinquent returns. Thus, in *Bennett,* the Court applied the 3-year statute to an original, although delinquent, return. This is different from petitioners' situation.

As for petitioners' remaining contentions, two deal with the amended returns, one with the 1972 waiver, and one with the fraud penalty. Petitioners' argument about the fraud penalty is directly contrary to the stipulation of facts and deserves no more mention. Nor do we find it necessary to discuss the remaining contentions since we have determined that the

statute of limitations is established by the nature of the original returns.

*Decision will be entered under Rule 155.*