William Leonard WOOLF (Trudie Woolf, surviving spouse of William Leonard Woolf, substituted in the place and stead of William Leonard Woolf, deceased), Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 76–2280.

United States Court of Appeals, Fifth Circuit.

Aug. 24, 1978.

Edward P. Guttenmacher, Jerome S. Richman, Sidney A. Soltz, Miami, Fla., for plaintiff-appellant.

Jack V. Eskenazi, U. S. Atty., Miami, Fla., M. Carr Ferguson, Asst. Atty. Gen., Joseph L. Liegl, Gilbert E. Andrews, Act. Chief, Gary R. Allen, James E. Crowe, Jr., Ernest J. Brown, Attys., Appellate Sect., Tax Div. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BROWN, Chief Judge, and THORNBERRY and CLARK, Circuit Judges.

CHARLES CLARK, Circuit Judge:

Pursuant to an order granted under Rule 43, Fed.R.Civ.P., Trudie Woolf, surviving spouse of the deceased taxpayer William Leonard Woolf, appeals the district court's dismissal of her late husband's complaint in this refund suit against the government for taxes paid and appeals the judgment in favor of the government on its counterclaim for the payment of delinquent taxes and a fraud penalty. Woolf, who died after the docketing of his appeal, contended that when he filed untimely but substantially accurate returns reporting payroll taxes due under the Federal Insurance Contributions Act [FICA] and withholding tax statutes, the three-year limitation on assessments and collections, 26 U.S.C.A. § 6501, began to run. We determine that this statute of limitations does not bar the government's assessment and collection of these taxes and affirm the judgment of the district court.

During 1963 and 1964, Woolf operated his own plastering business which employed several persons. During the last two quarters of 1963 and the first two quarters of 1964, he withheld payroll taxes and FICA taxes from his employees' salaries, but neither filed quarterly payroll tax returns nor paid any taxes to the government. On February 5, 1965, after the IRS began an investigation of Woolf, he filed payroll tax returns for the five quarters at issue. When the government later brought criminal charges against Woolf for willful failure to file returns, he pled guilty and agreed to an assessment made in October 1970. Woolf paid a part of the assessment and then sued to recover the payment. He alleged that neither his failure to file a timely return nor any part of the underpayment of taxes resulted from willful evasion such as would toll the statute of limitations and that in any event the statute of limitations would have begun running again when he filed substantially accurate returns for the quarters at issue.[1]

---

1. The government also counterclaimed for an amount allegedly owing on Woolf's obligations under the Federal Unemployment Tax Act [FUTA], 26 U.S.C.A. § 3301, et seq. The district judge granted the government a directed verdict on the FUTA tax liability because the evidence at trial showed only that Woolf filed no FUTA tax returns for 1963 and 1964, and thus the government could assess the taxes at any time under 26 U.S.C.A. § 6501(c)(3). Counsel for Woolf consented to the granting of this motion, which is not at issue in this appeal.

In a motion for partial summary judgment, Woolf contended that the limitations period for assessment and collection of taxes by the government began to run when he filed substantially accurate payroll tax returns with the IRS. The government conceded that Woolf's untimely filed returns substantially agreed with its own estimation of the tax due. The government's brief in opposition to Woolf's motion relied upon the exception to the statute of limitations contained in 26 U.S.C.A. § 6501(c)(2), which states

> In case of a willful attempt in any manner to defeat or evade tax imposed by this title (other than tax imposed by Subtitle A or B [income, estate, and gift taxes]), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun, without assessment, at any time.

The district court denied Woolf's motion without discussion.

After trial to a jury, the district judge directed the jury to answer special interrogatories which asked, for each of the quarters at issue, "[h]as the government proved that the defendant . . . did willfully attempt, in any manner, to defeat or evade payment to the United States of the payroll taxes which were withheld from his employees[?]" With respect to each quarter, the jury found Woolf had willfully attempted to evade payment of the taxes due. Based upon the answers to interrogatories, the district judge dismissed Woolf's complaint with prejudice and ordered that the United States recover the amount of the unpaid assessment of tax, with interest.

Section 6501(c) provides, among other exceptions, that the statute of limitations on assessment and collections shall not apply in the event of the failure to file a return, the filing of a false or fraudulent return, or a willful attempt to evade taxes. In *Bennett*

*v. Commissioner*, 30 T.C. 114, 123–25 (1958), the Tax Court dealt with the failure to file exception. The Bennetts failed to file returns within the time provided by law, but subsequently filed substantially accurate returns. The Tax Court held that the untimely filings started the running of the limitation period on assessment, because the exception, by its own terms, did not apply after the required return had been filed. *Dowell v. Commissioner*, 68 T.C. 646, 649 (1977), dealing with the false or fraudulent return exception, held that the limitations period did not begin to run again when taxpayers who filed a false or fraudulent original return filed a substantially accurate amended return. *Dowell* distinguished *Bennett*: unlike the exception for failure to file any return at all, the exception for the filing of a false or fraudulent return cannot be rendered literally inapplicable by the filing of a substantially accurate return, because subsequent events could not alter the fact that taxpayers had filed a fraudulent original return. The case at bar involves still a third exception to the statute of limitations: the willful attempt to evade exception. With respect to whether future events can render this exception invalid lies between the false return exception considered in *Dowell* and the failure to file exception considered in *Bennett*.[2] Woolf contends that, by analogy with *Bennett*, we should hold that the filing of an untimely but substantially accurate return wipes out a willful attempt to evade and starts the running of the statute. The government contends that, by analogy with *Dowell*, we should hold that the limitations period remains tolled by a substantially accurate filing because, once the willful attempt to evade exception has been triggered, subsequent events cannot start the period running.

2. Both *Dowell* and *Bennett* dealt with income taxes rather than payroll taxes and looked to the originally filed returns, whether timely or delinquent, to determine whether a statutory exception halted the running of the statute of limitations. *Bennett* interpreted Section 276 of the Internal Revenue Code of 1939 while *Do*-

well interpreted Section 6501(c) of the Internal Revenue Code of 1954. In both Codes, the willful attempt to evade exception applies to toll the running of the period for assessment and collection of payroll taxes, but does not apply to the limitations period for the assessment and collection of income taxes.

Under the circumstances of this case, however, we need not consider whether a taxpayer may ever start the statute of limitations running again once it has been tolled under the willful attempt to evade exception. Because the government showed that the Section 6501(c)(2) exception to the statute of limitations applied to toll the running of the statute, Woolf bore the burden of showing that the statute began to run again. But Woolf never sought to show that his willful attempt to evade ended with the filing of his untimely returns. In his motion for partial summary judgment, Woolf only alleged that submission of substantially accurate returns started the running of the statute. Merely showing the filing of substantially accurate returns did not require the district court to find that Woolf's willful attempt to evade had ended. The belated filing of returns for the purpose of forestalling a criminal investigation or the untimely submission of substantially accurate information could be purposefully set in a context calculated to mislead and thus constitute part of an attempt to evade.

The district court properly denied Woolf's motion for partial summary judgment, based solely upon the filing of substantially accurate, untimely returns. Because Woolf did not attempt to carry his burden of showing that the willful attempt to evade had ended, we have no occasion to reach or rule on whether proof of the ending of a willful attempt to evade could start the running of the statute.

The judgment of the district court is AFFIRMED.