**Leonard W. BRITTON, Sr. and Priscilla R. Britton**

v.

**UNITED STATES of America.**

Civ. A. No. 80–334.

United States District Court, D. Vermont.

Oct. 8, 1981.

---

Charles Shea, and Craig Weatherly, Gravel, Shea & Wright, Burlington, Vt., for plaintiffs.

Sheila M. Ware, Asst. U. S. Atty., D. Vermont, Burlington, Vt., and Jonathan Forman, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## OPINION AND ORDER

COFFRIN, District Judge.

This is a civil action brought pursuant to Internal Revenue Code § 1346(1) for the refund of taxes, penalties, and interest alleged to have been collected improperly by the Internal Revenue Service (IRS). Plaintiffs moved for summary judgment, and a cross-motion for summary judgment was filed by the government. For the reasons stated below, we grant plaintiffs' motion for summary judgment and deny the government's cross-motion.

The facts are as follows. Plaintiffs timely filed joint tax returns for the tax years 1972, 1973, and 1974. On February 6, 1976, plaintiffs filed amended returns for the tax years 1972,[1] 1973, and 1974, disclosing substantial amounts of previously unreported income. During February and March 1976, plaintiffs tendered payment of additional tax in accordance with the amended returns.

A grand jury subsequently indicted plaintiff Leonard Britton for tax evasion during the tax years 1972, 1973, and 1974. In June 1978, Leonard Britton plead guilty to filing a fraudulent return for 1972. The government then dismissed the charges pertaining to the tax years 1973 and 1974. Uncontroverted affidavits show that the amended returns filed in 1976 were not tainted by fraud.

On March 19, 1979, three years and a little more than a month after plaintiffs filed the amended returns, the IRS assessed deficiencies against plaintiff for the 1972 tax year. Specifically, the IRS assessed $33,940.94 due in additional tax, a $16,970.47 penalty for fraud, and $8,994.77 in

---

1. An amended return was also filed with reference to the 1972 tax year on May 4, 1973.

interest. The taxpayer remitted the balance on May 19, 1979.[2]

On March 11, 1980, the IRS assessed deficiencies against plaintiff with reference to his 1973 return in the amount of $14,554.99 for interest due. The assessment was reduced to $4,665.97 on April 5, 1980, and the sum was paid by plaintiff on May 15, 1980.

On March 11, 1980, the IRS also assessed deficiencies against the taxpayer with regard to his 1974 taxes in the amount of $12,762.38 for interest due. The assessment was reduced to $2558.36 on May 15, 1980, the date on which plaintiff tendered the 1974 interest deficiency.

In June 1980, plaintiffs petitioned the United States Tax Court for a redetermination of the deficiencies assessed by the IRS for the tax years 1973 and 1974.[3] Plaintiffs subsequently brought this action in federal district court to obtain a refund of monies paid for tax, penalties, and interest for the tax year 1972 ($39,095.20); a refund of interest paid for the tax year 1973 ($4665.97); and a refund of interest paid for the tax year 1974 ($2558.36).

Plaintiffs herein allege entitlement to a refund on the ground that the deficiencies were not timely assessed. The government responds that the refund claims for 1973 and 1974 are barred, as the filing of a petition in the United States Tax Court constituted a waiver of the claims. Moreover, the government contends that the statute of limitations does not arise in plaintiffs' favor, since the taxpayers filed false or fraudulent returns for the years 1972, 1973 and 1974.

## I. Tax Court Petition

■ The government has moved to dismiss counts two and three of the complaint on the ground that these counts address tax assessments for years which have already been the subject of a petition brought by the taxpayers in the Tax Court. In the petition, plaintiffs challenged the amount of tax assessed for 1973 and fraud penalties assessed for 1973 and 1974. The petition does not challenge the interest assessments for those years; indeed, it is clear that the Tax Court is without jurisdiction to determine the amount of interest owed by a taxpayer. *Transport Manufacturing and Equipment Co. v. Commissioner*, 434 F.2d 373, 381–82 (8th Cir. 1970); *Standard Oil Co. v. McMahon*, 244 F.2d 11, 13 (2d Cir. 1957).

The government relies on I.R.C. § 6512(a) which provides in part that "[i]f the Secretary has mailed to the taxpayer a notice of deficiency ... and if the taxpayer files a [timely] petition with the Tax Court ... no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except [in several instances not relevant to this case]." The government argues that "tax" for purposes of section 6512(a) includes interest as well as the amount of the underlying assessment. In support of this position, the government points to I.R.C. § 6601(e)(1) which provides in part that "[a]ny reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." In the government's view, therefore, taxpayers lost their chance to object to the interest assessment when they filed the Tax Court petition even though they could not have raised the question of interest before that court.

■ Neither common sense nor the most rudimentary notion of fairness supports the government's position. Even more to the point, section 6601(e)(1) contains an exception which implicitly exempts refund suits for the recovery of allegedly excessive

---

2. The total deficiency assessment, $59,906.18, was offset by a $21,109.00 payment made by plaintiff Leonard Britton on February 19, 1976. The record suggests that to the balance, $38,797.18, was added $298.02 of previously unassessed interest, constituting a total liability of $39,095.20.

3. The petition challenged the amounts of tax assessed for 1973 and the civil penalties imposed by the IRS for the tax years 1973 and 1974.

amounts of interest from the bar imposed by section 6512. Section 6601(e)(1) removes references to interest in "subchapter B of chapter 63, relating to deficiency procedures" from inclusion in the definition of 'tax' for purposes of the rest of the Internal Revenue Code. Chapter 63 governs the process of tax assessment by the IRS. Subchapter B defines a tax deficiency, provides for notice to the taxpayer, and establishes a procedure for seeking determination of a tax liability by the Tax Court. I.R.C. §§ 6211–6216. When section 6512(a) refers to notice of a tax deficiency pursuant to section 6212(a) and the subsequent filing of a petition by the taxpayer, therefore, it must refer to tax exclusive of interest because interest would play no role in either the deficiency notice or the taxpayer's petition. Similarly, when section 6512(a) (in chapter 66) bars refund suits "for the recovery of any part of *the tax*" (emphasis supplied), "the tax" must mean the tax exclusive of interest which is the subject of the petition and not any and every tax-related liability including interest incurred by the taxpayer in connection with a given tax year. In short, "the tax" in section 6512(a) means only the tax for purposes of the deficiency determination process set up by subchapter B and protected from collateral attack by section 6512. The calculation of interest due from the taxpayer is simply not a part of this process. Accordingly, we hold that section 6512 does not bar a refund suit concerned with the assessment of interest even when the taxpayer has already filed a petition in Tax Court raising certain objections to other aspects of his tax liability for the same year.

## II. Statute of Limitations

■ The principal issue raised is whether Congress intended that a taxpayer who once filed a fraudulent return, opening the doors to a deficiency assessment "at any time," section 6501(c)(1), may then gain the advantages of repose within the general three year provision by filing an amended return correcting the initial fraud. The opposing positions of the parties both find support on the face of the statute. Sub-

stantially for the reasons set forth in the Tenth Circuit's decision in *Dowell v. Commissioner*, 614 F.2d 1263 (1980), and the Tax Court's majority opinion in *Klemp v. Commissioner*, 77 T.C. No. 17, ¶ 77.16 P–H T.C. (1981), however, we agree with plaintiffs that the filing of an amended return which is not itself fraudulent commences the running of the general three year statute of limitations.

Common sense and good policy dictate the result we reach. Section 6501 balances the policy of repose to the taxpayer with the purpose of providing the Commissioner of Internal Revenue adequate time to assess taxes and deficiencies. The general rule of section 6501(a) allows the honest taxpayer to close his books on any particular tax year three years from the date on which he filed his return. If the taxpayer files a fraudulent return, however, the general rule gives way to the exception of section 6501(c)(1) which recognizes that the fraud may put the Commissioner at a special disadvantage in detecting errors and authorizes the Commissioner to assess taxes due at any time. Where the taxpayer corrects the return, the disadvantage is removed and the general rule should again govern. Accordingly, the assessment for 1972 was untimely as were the assessments for 1973 and 1974 unless the six year period of section 6501(e) applied. We turn now to this issue.

■ The government's reliance on section 6501(e) is misplaced. This section explicitly does not apply to situations covered by section 6501(c). The government has contended throughout these proceedings that plaintiffs' returns for 1973 and 1974 were fraudulent. No statute of limitations began running as to these returns. The three year period set out in section 6501(a), however, commenced running when plaintiffs filed their amended returns in 1976. Because this period expired before the Commissioner assessed deficiencies in 1979, the assessments cannot stand. *See Klemp*, ¶ 77.16 P–H T.C. at 112; *Dowell*, 614 F.2d at 1266.

For the reasons stated above, it is hereby ORDERED that plaintiffs' motion for sum-

mary judgment is granted and the government's motion is denied.