JOSEPH DERFEL AND BARBARA R. DERFEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Derfel v. Commissioner
Docket No. 3221-80
United States Tax Court
T.C. Memo 1982-311; 1982 Tax Ct. Memo LEXIS 431; 44 T.C.M. (CCH) 45; T.C.M. (RIA) 82311; June 7, 1982. Barry I. Fredericks, for the petitioners. Richard J. Sapinski, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: This case is before the Court on petitioners' motion for partial summary judgment [1] under Rule 121. [2] The question to be decided is whether respondent's deficiency notice was timely mailed within the period prescribed by section 6501(a) [3] with respect to the years 1968 and 1969. *432 Respondent determined that deficiencies in income taxes and additions to the tax under section 6653(b) were due from Joseph Derfel as follows: Year
Deficiency
Addition to Tax
1968
$ 556.18
$ 528.09
1969
3,651.57
1,825.79
1970
1.87
1,071.54
1971
5,017.43
1972
792.27
Respondent determined that the above deficiencies, but not the additions to tax, were due from Barbara R. Derfel. [4]
Petitioners were legal residents of New Jersey at all times pertinent herein. They timely filed their original returns for 1968 and 1969. Then, on August 9, 1973, they filed amended returns for 1968 and 1969. The amended returns were not fraudulent. On December 14, 1979, respondent mailed to petitioners his notice of deficiency for 1968, 1969, and the other years set out above. He mailed the notice of deficiency more than three years after petitioners' amended returns for 1968 and 1969 were filed. However, he had not requested, and the petitioners had not executed an extension pursuant to section 6501(c)(4) with *433 respect to 1968 and 1969 extending the three-year period provided by section 6501(a). [5]
Petitioners assert that upon their filing on August 9, 1973, of nonfraudulent amended returns for the taxable years 1968 and 1969 the three-year statute of limitations under section 6501(a) commenced to run. They note that respondent issued to them his notice of deficiency more than three years after they filed their amended returns. From this, they conclude that respondent's assessments of the deficiencies and additions to tax for 1968 and 1969 are barred by section 6501(a) as a matter of law. Accordingly, they ask us to grant their motion for partial summary judgment with respect to 1968 and 1969. Respondent contends that his assessments of the deficiencies and additions to tax for 1968 and 1969 are not necessarily barred by section 6501(a). He claims that there are genuine issues of material fact in this case, such as whether the petitioners' original returns for 1968 and 1969 were fraudulent. *434 Thus, he concludes that we must deny the petitioners' motion for partial summary judgment since we cannot render a decision as a matter of law. The issue and facts in this case are indistinguishable from those presented in Kramer v. Commissioner, a Memorandum Opinion of this Court dated June 7, 1982. There we decided that the taxpayers' filing of nonfraudulent amended returns commenced the three-year statute of limitations under section 6501(a). Since the respondent in Kramer v. Commissioner,supra, issued his deficiency notice more than three years after the taxpayers filed their amended returns, we held that he was barred from assessing deficiencies against them. This result was compelled by our decision in Klemp v. Commissioner,77 T.C. 201 (1981). For the reasons discussed in Kramer v. Commissioner,supra, we find that petitioners herein are entitled to a decision in their favor as a matter of law. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Motions for partial summary judgment were heard together at the February 16, 1982, Newark, New Jersey, trial session in the following cases: Harvey Kramer and Minna Kramer, Docket No. 3218-80; Elliot Liroff and Evelyn Liroff, Docket No. 3219-80; Deleet Merchandising Corp., Docket No. 3220-80; Richard B. Liroff and Harriet Liroff, Docket No. 3222-80. These cases have not been consolidated. Separate, but identical, motions and briefs were filed in each docket. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided. ↩
3. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
4. We note that respondent's notice of deficiency states that Barbara R. Derfel's liability for the 1969 deficiency is limited to $ 3,656.57.↩
5. An uncontroverted affidavit to this effect is attached to petitioners' motion for partial summary judgment. Extensions were apparently executed for the other years covered by the notice.↩