HARVEY KRAMER AND MINNA KRAMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kramer v. Commissioner
Docket No. 3218-80
United States Tax Court
T.C. Memo 1982-308; 1982 Tax Ct. Memo LEXIS 428; 44 T.C.M. (CCH) 42; T.C.M. (RIA) 82308; June 7, 1982. Barry I. Fredericks, for the petitioners. Richard J. Sapinski, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: This case is before the Court on petitioners' motion for partial summary judgment [1] under Rule 121. [2] The question to be decided is whether respondent's deficiency notice was timely mailed within the period provided by section 6501(a) [3] with respect to the year 1969. *429 Respondent determined that deficiencies in income taxes and additions to the tax under section 6653(b) were due from Harvey Kramer as follows: Year
Deficiency
Addition to Tax
1969
$ 3,813.53
$ 1,906.77
1970
1,371.91
1971
4,650.01
1972
345.52
Respondent determined that the above deficiencies, but not the additions to tax, were due from Minna Kramer. Petitioners were legal residents of New Jersey at all times pertinent herein. They timely filed their original return for 1969. Then, on August 9, 1973, they filed an amended return for 1969. The amended return was nonfraudulent. On December 14, 1979, respondent mailed to petitioners his notice of deficiency for 1969 and the other years set out above. He mailed the notice of deficiency more than three years after petitioners' amended return for 1969 was filed. However, he had not requested, and petitioners had not executed an extension pursuant to section 6501(c)(4) with respect to 1969 extending the three-year period provided by section 6501(a). [4]
*430 Petitioners assert that upon their filing on August 9, 1973 of a nonfraudulent amended return for the taxable year 1969 the three-year statute of limitations under section 6501(a) commenced to run. They note that respondent issued to them his notice of deficiency more than three years after they filed their amended return. From this, they conclude that respondent's assessment of the deficiency and addition to tax for 1969 is barred by section 6501(a) as a matter of law. Accordingly, they ask us to grant their motion for partial summary judgment with respect to 1969. Respondent contends that his assessment of the deficiency and addition to tax for 1969 is not necessarily barred by section 6501(a). He claims that there are genuine issues of material fact in this case, such as whether the petitioners' original return for 1969 was fraudulent. Thus, he concludes that we must deny the petitioners' motion for partial summary judgment since we cannot render a decision as a matter of law. Our decision in this case is controlled by our recent decision in . [5] In Klemp, the original income tax returns filed by the taxpayers *431 for the years 1970 to 1973 were fraudulent. The taxpayers later filed amended returns for those years. These amended returns were fraudulent. Then, more than three years after the taxpayers filed their nonfraudulent amended returns, the respondent issued to them his statutory notice of deficiency. We found that the three-year statute of limitations provided by section 6501(a) had commenced to run for the years 1970 to 1973 when the taxpayers filed nonfraudulent amended returns for those years. [6] Because respondent issued his notice of deficiency for 1970 to 1973 more than three years after the taxpayers filed their amended returns, we held that he was barred from assessing deficiencies against the taxpayers. We concluded that the taxpayers were entitled to summary judgment as a matter of law, and we granted their motion accordingly. *432 The facts before us now are substantially identical to those in Klemp. Petitioners herein filed an amended return for 1969 which was not fraudulent. They filed the amended return more than three years before respondent issued his statutory notice of deficiency. They did not sign a consent extending respondent's time for assessment with respect to 1969. The matters raised by respondent do not constitute genuine issues of material fact. Whether petitioners' original 1969 return was fraudulent is irrelevant because their amended return was nonfraudulent and was filed more than three years before the respondent issued his deficiency notice. Also irrelevant is petitioners' motivation for filing their amended return. Under section 6501(a) the filing of a nonfraudulent return commences the statute of limitations. This is true without regard to the motives for filing such a nonfraudulent return. It follows, therefore, that there is nothing in this record to preclude us from deciding as a matter of law that respondent's assessment of the deficiency and the addition to tax under section 6653(b) for the year 1969 is barred under section 6501(a). Accordingly, we hold that petitioners *433 are entitled to a decision in their favor as a matter of law. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Motions for partial summary judgment were heard together at the February 16, 1982, Newark, New Jersey, trial session in the following cases: Elliot Liroff and Evelyn Liroff, Docket No. 3219-80; Deleet Merchandising Corp., Docket No. 3220-80; Joseph Derfel and Barbara R. Derfel, Docket No. 3221-80; Richard B. Liroff and Harriet Liroff, Docket No. 3222-80. These cases have not been consolidated. Separate, but identical, motions and briefs were filed in each docket. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided. ↩
3. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
4. An uncontroverted affidavit to this effect is attached to petitioners' motion for partial summary judgment. Extensions were apparently executed for the other years covered by the notice.↩
5. See also ; Britton v. United States, 81-2 USTC par. 9739 (D.Vt. 1981); Deleet Merchandising Corp. v. United States,↩ 82-1 USTC par. 9184 (D.N.J. 1981).
6. Our reasoning in Klemp↩ followed the result reached by the Tenth Circuit in , revg. .