DALE A. GALVIN and NANCY M. GALVIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Galvin v. Commissioner
Docket No. 11697-81.
United States Tax Court
T.C. Memo 1982-689; 1982 Tax Ct. Memo LEXIS 54; 45 T.C.M. (CCH) 221; T.C.M. (RIA) 82689; November 29, 1982. Merritt A. Gardner, for the petitioners. Jane T. Dickinson, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: This case is currently before us on petitioners' motion for summary judgment under Rule 121. [1] Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to tax
Year
Deficiency
under sec. 6653(b) [2]
1971
$112
$662
1972
1,762
3,888
1973
2,964
6,468
*55 The sole issue for our determination is whether the statute of limitations bars the assessment and collection of the deficiencies in and additions to tax. For purposes of this motion only, some of the facts have been stipulated and are found accordingly. Petitioners, Dale A. Galvin and Nancy M. Galvin, resided in Englewood, Fla., when the petition in this case was filed. Petitioners timely filed joint Federal income tax returns for 1971, 1972, and 1973 (the original returns). For each of the years in issue, there was an underpayment of the tax required to be shown on petitioners' original return. All or a part of each such underpayment was due to fraud. Petitioners omitted from each of their original returns gross income in excess of 25 percent of the gross income reported and failed to disclose receipt of such omitted gross income on the returns or in statements attached thereto. On March 31, 1975, petitioners filed amended income tax returns for 1971 through *56 1973 (the amended returns). None of petitioners' amended returns omits gross income exceeding 25 percent of the reported amounts. Underpayments, if any, of tax required to be shown on petitioners' amended returns are not due to fraud. Respondent issued his statutory notice of deficiency for the years in issue on March 2, 1981. Petitioners have not at any time consented to the extension of the statute of limitations applicable to 1971, 1972, or 1973. In their motion for summary judgment, petitioners claim that respondent's proposed assessments are barred by the statute of limitations found in section 6501(a). [3] Respondent, on the other hand, asserts that, since petitioners' original returns were fraudulent, section 6501(c)(1) controls [4] and he may assess a tax at any time. *57 Our decision in , on appeal (9th Cir., Nov. 2, 1981), is dispositive of the issue in the present case. In Klemp, a case involving a factual situation almost identical to the one herein, we held that, upon the filing of the nonfraudulent amended returns, the 3-year statute of limitations provided for in section 6501(a) started running. Accord: ; , affd. in an unreported opinion (2d Cir., Apr. 15, 1982). Despite respondent's plea, we are not disposed to depart from the position taken in Klemp.Accordingly, since respondent issued the deficiency notice in the instant case more than three years after the amended returns were filed, the assessment and collection of the deficiencies in and additions to tax are barred. An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. The additions to tax are more than 50 percent of the deficiencies because the deficiencies are based on the amended returns while the additions to tax are calculated on the basis of the original returns.↩
3. Section 6501(a) provides-- (a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. ↩
4. Section 6501(c)(1) provides-- (c) Exceptions.-- (1) False return.--In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.↩