**Robert M. NESMITH,
Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 82–4162.

United States Court of Appeals,
Fifth Circuit.

March 7, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Atty., John A. Dudeck, Jr., Atty., Dept. of Justice, John H. Menzel, Director, Chief Counsel's Office, Tax Litigation Div., Dept. of Justice, Washington, D.C., for respondent-appellant.

Robert I. White, Larry A. Campagna, Houston, Tex., for petitioner-appellee.

Before WISDOM, RUBIN and TATE, Circuit Judges.

PER CURIAM:

The taxpayer claims the three-year statute of limitations of I.R.C. § 6501(a) (1976)[1] began to run when he filed non-fraudulent amended income tax returns, notwithstanding the fact that his original returns were admittedly fraudulent. The Tax Court agreed. However, we interpret the statute as imposing no limitations period under such circumstances, and reverse.

Nesmith and his wife filed fraudulent joint income tax returns for the years 1970, 1971 and 1972. In 1973, after the Internal Revenue Service (IRS) initiated an investigation of the Nesmiths, they filed amended returns for these years. The amended returns were not fraudulent. The Nesmiths

---

1. I.R.C. § 6501 (1976) provides in relevant part:
   (a) Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) ... and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

. . . .
   (c) Exceptions.
   (1) False Return. In the case of a false return or fraudulent return with intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

paid the IRS the additional taxes shown as due by the amended returns. The IRS, however, indicated that the sums received would be held as bond against payment of additional taxes to be assessed at a later time.

In 1977, after criminal proceedings against Robert Nesmith were completed, the IRS assessed the taxes shown on the amended returns and credited the amounts previously received from Nesmith against those taxes. In 1978, the IRS notified the Nesmiths that it had determined they owed further deficiencies because it had disallowed certain deductions taken on the amended returns and it had assessed a civil fraud penalty pursuant to I.R.C. § 6653(b) (1976).

The Nesmiths challenged all of these assessments before the Tax Court. That court determined that the assessments were time-barred by § 6501(a) because they were made more than three years after the Nesmiths filed their amended returns. The court rejected the Commissioner's claim that the assessments were timely made under § 6501(c)(1) because the original returns were fraudulent. Therefore, the court ruled that the Nesmiths were not liable for the deficiencies. Moreover, because the assessments were made more than three years after the amended returns were filed, the Nesmiths were entitled to a refund of the amount paid with the amended returns. *Nesmith v. Commissioner,* 42 T.C.M. (CCH) 1299 (1981). The IRS appealed.

The circuits are divided as to whether the filing of an amended, nonfraudulent return triggers the § 6501(a) statute of limitations when the original return was fraudulent. In *Dowell v. Commissioner,* 614 F.2d 1263 (10th Cir.1980), the Tenth Circuit ruled that the limitations period is started by such an amended return. It relied on the ruling in *Bennett v. Commissioner,* 30 T.C. 114 (1958), *acq.,* 1958–2 C.B. 3, in which the Tax

Court held that, when a taxpayer filed a belated return, after having filed no return at all, the filing commenced the limitations period. The *Dowell* court concluded that the same result should obtain when a nonfraudulent amended return was filed some time after a fraudulent initial return. The fraudulent return was equivalent to no return at all because it did not represent the "honest and genuine effort to satisfy the law" required by *Zellerbach Paper Co. v. Helvering,* 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934). Therefore, the filing of the nonfraudulent amended return following the filing of a fraudulent one, like the tardy filing of a nonfraudulent return, started the running of the statute of limitations. The *Dowell* decision has been followed by the Second Circuit and the Tax Court. *See Britton v. United States,* 532 F.Supp. 275 (D.Vt.1981), *aff'd mem.,* 697 F.2d 288 (2d Cir.1982); *Klemp v. Commissioner,* 77 T.C. 201 (1981), *appeal docketed,* No. 81–7744 (9th Cir. November 5, 1981).[2]

In *Badaracco v. Commissioner,* 693 F.2d 298 (3d Cir.1982), the Third Circuit took a contrary view, holding that the filing of a nonfraudulent amended return did not trigger the § 6501(a) statute of limitations if the original return was fraudulent. The opinion, written by Judge Arlin Adams, relied on what it considered to be the plain meaning of § 6501(c)(1), which provides that "[i]n the case of a false or fraudulent return with intent to evade tax," the Commissioner may assess the tax or proceed in court without an assessment "at any time." *Id.* The court then examined the legislative history, regulations, and policy considerations. It found no reason to construe § 6501(c)(1) in a manner inconsistent with its unambiguous meaning.

We reserved the question raised by this case in *Woolf v. United States,* 578 F.2d 1103, 1106 (5th Cir.1978), and we have not had the opportunity to consider it since. There is little we can add to the two circuits' discussion of this important question.

---

2. *Accord Espinoza v. Commissioner,* 78 T.C. 412 (1982); *Galvin v. Commissioner,* 45 T.C.M. (CCH) 221 (1982); *Richard B. Liroff v. Commissioner,* 44 T.C.M. (CCH) 47 (1982); *Derfel v.* *Commissioner,* 44 T.C.M. (CCH) 45 (1982); *Elliot Liroff v. Commissioner,* 44 T.C.M. (CCH) 43 (1982); *Kramer v. Commissioner,* 44 T.C.M. (CCH) 42 (1982).

The arguments for the two possible constructions of § 6501 have been ably stated by the Tenth and Third Circuits and the Tax Court. We follow the Third Circuit's decision in *Badaracco* for the reasons stated in that opinion. Therefore, we conclude that the amended returns filed by the Nesmiths did not trigger the § 6501(a) statute of limitations.[3]

For these reasons, the decision of the Tax Court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

3. Because of the conclusions we reach on the § 6501(a) issue, we need not consider the Commissioner's alternative argument that the Nes- miths consented to extend the statute of limitations period.