**FIRST NATIONAL BANK OF CHICAGO, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 84–6496.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 11, 1985.

Submitted Nov. 13, 1985.

Decided June 24, 1986.

Roy Weatherup, Haight, Dickson, Brown & Bonesteel, Santa Monica, Cal., for plaintiff-appellee.

Jonathan S. Cohen, Atty., Washington, D.C., for defendant-appellant.

Before BROWNING, KENNEDY and HUG, Circuit Judges.

HUG, Circuit Judge:

This appeal principally concerns an interpretation of section 6512(a) of the Internal Revenue Code, 26 U.S.C. § 6512(a) (1982). The Government contends that section 6512(a) deprives the district court of jurisdiction to hear the estate's claim for refund because the estate had previously filed a petition with the Tax Court contesting a deficiency assessed by the Internal Revenue Service ("IRS"). We agree with the Government's contention and reverse the district court's award of a refund.

First National Bank of Chicago was trustee of six irrevocable inter vivos trusts (hereinafter the "Crummer Trust"). These trusts are presently administered by Continental Bank and Trust Company. The Crummer Trust was funded by the residue of the Hazel B. Crummer Estate. The

estate tax return, filed on June 4, 1971, showed a tax liability calculated at $4,778,-008. The IRS audited the return in 1974 and assessed a deficiency. The estate then filed a petition with the United States Tax Court, seeking a redetermination of the deficiency. Approximately three years later, the parties stipulated to a deficiency of $1,340,603 plus statutory interest. The stipulation was filed with the United States Tax Court on October 28, 1977.

The estate paid the agreed federal tax deficiency in installments, exclusive of interest. The last payment was made on April 17, 1978. The interest due on the stipulated deficiency was determined to be $630,700, and this payment was also made on April 17, 1978.

The interest payment was deducted from the estate's fiduciary income tax return, but this did not prove as beneficial to the estate as if it had been deducted from the estate tax return. On April 2, 1980, the estate filed an amended estate tax return, deducting this additional interest expense as an administrative expense under section 2053(a)(2) of the Internal Revenue Code, 26 U.S.C. § 2053(a)(2) (1982). The IRS rejected the claim for refund, and the estate instituted this suit for refund in the district court.

The Government contended that the estate's claim was barred by *res judicata* and that section 6512(a) of the Internal Revenue Code deprived the district court of jurisdiction because a prior petition had been filed with the Tax Court to contest the deficiency assessed by the IRS. The district court rejected the Government's *res judicata* and section 6512(a) arguments and held that the estate was entitled to a refund of $478,794 plus interest, less the sum of $49,056 plus interest (representing the deduction on the fiduciary income tax return). We reverse on the ground that section 6512(a) deprives the district court of jurisdiction to hear the action for refund, and we find it unnecessary to reach the *res judicata* contention.

■ Section 6512(a) provides in pertinent part as follows:

(a) *Effect of Petition to Tax Court.*

If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of ... estate tax in respect of the taxable estate of the same decedent ... to which such petition relates ... in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) ....

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final ....

The estate contends that the defense based upon section 6512(a) was not raised in a timely fashion. However, this section speaks to subject matter jurisdiction. The lack of jurisdiction can be raised at any time and the parties cannot stipulate to the contrary. *California v. LaRue*, 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972).

■ The estate sought a redetermination of its estate tax liability based on the interest paid on the stipulated deficiency, contending that the interest should be deducted as an administrative expense. The estate argues that the exception provided in section 6512(a)(2) permits the exercise of jurisdiction by the district court because the interest, and thus the overpayment, could not be determined until all installments of the tax payments were paid. A similar argument was made and rejected in *United States v. Wolf*, 238 F.2d 447 (9th Cir.1956). In *Wolf*, we interpreted the meaning of section 322(c) of the Internal Revenue Code of 1939 (the predecessor to section 6512(a)) and stated:

It is plain that § 322(c) was intended to have a broad general application so as to provide that if the taxpayer files a peti-

tion with the tax court, the mere filing of the petition operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund. *Moir v. United States*, 1 Cir., 149 F.2d 455, 460. As stated in *Elbert v. Johnson*, 2 Cir., 164 F.2d 421, 424, "It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in the District Court his tax liability for the year in question." To say that exception No. 2 has the broad application which the appellees claim for it, would, we think, give it a more extensive reach than Congress intended.

*Id.* at 449.

The *Wolf* decision is dispositive of this case. A redetermination in the district court of the estate tax, which was the subject of the prior Tax Court proceedings and judgment, is what is sought in this case and what was rejected in *Wolf.*

The district court relied on the analysis used in *Britton v. United States*, 532 F.Supp. 275, 277–78 (D.Vt.1981), to avoid the application of section 6512(a). This reliance was misplaced. In *Britton*, the taxpayer disputed the amount of interest paid, and specifically sought a refund of the excess. The court held that only the underlying tax assessment—not the subsequent interest payment—was covered by section 6512(a). In the case at bar, however, the estate is not concerned with the assessment and refund of interest. The estate is seeking a recomputation of its *estate tax liability* because of the interest it has paid.

In supplemental arguments, the estate has drawn our attention to a recent decision of the Tax Court, *Estate of Baumgardner v. United States*, 85 T.C. 85–258 (1985). The Tax Court there held that it had jurisdiction to consider interest paid on installments as a component of an "overpayment" of estate tax under section 6512(b). We find no support in this decision for the estate's argument that the section 6512(a)(2) exception is applicable here. There is nothing in the *Baumgard-*

*ner* decision that would indicate that, at the time the stipulation was arrived at in the Tax Court, the estate was precluded from calculating the interest on the estate tax and adjusting the deficiency accordingly. Alternatively, the estate could have insisted that the entry of judgment be delayed until an appropriate adjustment could be made for the deduction of future interest payments. *See, e.g., Estate of Bailly v. Commissioner*, 81 T.C. 949 (1983) (postponing entry of judgment for ten years or until last installment of tax was paid).

 The estate is not entitled to bring a refund action in the district court because section 6512(a) precludes the district court from redetermining the tax once the Tax Court has established the tax liability. As noted above, we need not address the issue of *res judicata* since section 6512 disposes of the case.

REVERSED.