946 F.2d 1566
 292 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Mashuq A. QURESHI, M.D., Appellant,
v.
U.S. TAX COURT, et al.
 No. 90-5069.
 United States Court of Appeals, District of Columbia Circuit.
 July 26, 1991.
 
 Appeal from the United States District Court for the District of Columbia, C.A. No. 89-03386; Penn, J.
 Before MIKVA, Chief Judge, and RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed December 29, 1989 be affirmed essentially for the reasons stated by the district court. The district court lacked authority to entertain Qureshi's action because the filing of a petition in the Tax Court serves as a jurisdictional bar to a subsequent action in district court, see 26 U.S.C. § 6512(a); Solitron Devices, Inc. v. United States, 862 F.2d 846, 848 (11th Cir.1989); First Nat'l Bank of Chicago v. United States, 792 F.2d 954, 955 (9th Cir.1986), cert. denied, 479 U.S. 1064 (1987), and the courts of appeals rather than the district courts have exclusive jurisdiction to review decisions of the Tax Court, see 26 U.S.C. § 7482(a). Moreover, Qureshi's attempt to relitigate his tax liability in district court is barred by the doctrine of res judicata. See Commissioner v. Sunnen, 333 U.S. 591, 597 (1948). Finally, because Judge Tannenwald's disallowance of Qureshi's bad debt and theft loss deductions was within his authority to determine Qureshi's tax liability, Judge Tannenwald is immune from suit with respect to these matters. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.